In re ELECTION OF DIRECTORS OF RAPID TRANSIT FERRY CO.

(Supreme Court, Special Term, Kings County. February, 1897.)

CORPORATIONS—BY-LAWS—WHAT CONSTITUTES QUORUM.

    A by-law of a corporation, providing that "a majority of the stock present in person or by proxy at any meeting of the stockholders shall constitute a quorum," requires the presence in person or by proxy of a majority of all the stock of the corporation to make a quorum.

Motion to set aside the election of directors of the Rapid Transit Ferry Company at the elections of 1895 and 1896, on the ground that there was no quorum at the meetings at which the elections were held. Election of 1896 set aside.

Julien T. Davies and W. N. Dykman, for the motion.

Albert B. Boardman, opposed.

GAYNOR, J. By general law, the stockholders present in person or by proxy at a meeting of stockholders constitute a quorum. The general corporation law (Laws 1892, c. 687), however, allows the directors to change this by by-law, and fix the amount of stock which must be represented in order to make a quorum. Section 11. In this company the following by-law was passed, viz.: "A majority of the stock present in person or by proxy at any meeting of the stockholders shall constitute a quorum." It is without any punctuation marks. Unless to establish a quorum different to that which the general law makes, this by-law could have had no object. It cannot be construed as meaning that a "majority" of the stock actually represented at a meeting should be a quorum, for that would be unlawful. A majority cannot separate itself from the minority, and be a quorum. All present are the quorum. It must therefore mean that it is necessary that a majority of the stock of the company shall be present in person or by proxy to make a quorum. I must therefore set aside the election of 1896. That of 1895 has been acquiesced in. I think that the statute contemplates that an application to set aside an election of directors must be made with reasonable promptness, and that if, instead, the election is acquiesced in, stockholders so acquiescing lose the benefit of the statute.

---

KIERNAN v. MAYOR, ETC., OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

MUNICIPAL CORPORATIONS—NEGLIGENCE—UNGUARDED EMBANKMENT.

    It is a question for the jury whether a city was negligent in failing to erect a guard along the side of a street embankment 12 feet high, the sidewalk being 4 feet wide, and its outside edge 4 feet from the edge of the embankment, where plaintiff, a girl 12 years old, became dizzy from the heat of the sun while on the sidewalk, and fell over the embankment.

Appeal from trial term, New York county.

Action by Gertrude Kiernan, an infant, by James J. Kiernan, her guardian ad litem, against the mayor, aldermen, and com-

monalty of the city of New York, to recover for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Francis M. Scott and William H. Rand, Jr., for appellant.
Thomas P. Wickes, for respondent.

WILLIAMS, J.   The action was brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant.   The accident in which the injuries were received occurred on the 27th day of September, 1895, on Fleetwood avenue, between 162d and 163d streets, in the city of New York.   In the summer of 1895, the city caused the avenue at this point to be graded by building an embankment upon it about 12 feet above the level of the lot adjoining it, and practically the entire width of the avenue.   The width of the avenue was 60 feet, the roadway for teams in the middle was 30 feet, and on either side there was a space for sidewalk of 12 feet 8 inches.   On the west side there was a flagged sidewalk, along in front of the dwelling houses erected there.   On the east side, in the middle of the sidewalk space, was a single row of flags, 4 feet in width and 4 feet $2\frac{1}{2}$ inches distant from the eastern edge of the embankment.   The embankment on the east side was supported on its outer edge by a retaining wall, which at the bottom was $5\frac{1}{2}$ inches from the street line, and at the top was 2 feet $3\frac{1}{2}$ inches from the street line. There was no guard or barrier on the easterly edge of the embankment.   The embankment was constructed under a contract, and was completed and accepted by the city in August, 1895.   The contract required the contractor to maintain the embankment to the width and grade of the street, and during the performance of the work to place proper guards upon and around the same for the prevention of accidents, but did not provide for the erection of any permanent guard or barrier on the easterly edge of the embankment.   At the time of the accident the flags along the easterly sidewalk were in perfect condition.   The day of the accident was exceptionally hot, the thermometer standing at 9 a. m. at 99°, at 2 p. m. 120°, at 3 p. m. 115°, and at 4 p. m. 104°.   Between 2 and 3 p. m. the plaintiff, a girl 12 years of age, who had been sent on an errand from her home on Fleetwood avenue, just north of 163d street, to 153d street, was returning to her home along the avenue, and, while walking along the flag walk on the easterly side of this embankment, about 35 feet south of the intersection of 163d street, her foot tripped, she became dizzy, lost consciousness, and knew nothing further until she was found at the bottom of the embankment on the easterly side.   She had evidently gone off the embankment, fallen to the land below, and had been seriously injured.

This action is brought to recover damages for the injuries thus received.   The verdict was a moderate one, and no complaint is

made that it was excessive. Nothing appears in the case to charge the plaintiff with contributory negligence, and this question is not suggested by the appellant on this appeal. The only question argued is that the evidence was insufficient to charge the defendant with negligence in failing to have a guard or barrier on the easterly edge of the embankment, which would, evidently, have avoided the accident. There can be no doubt that, as a general proposition, it is the duty of a municipal corporation to keep and maintain its streets and sidewalks in a reasonably safe condition for the public travel, and whether that duty has been performed, so as to relieve the corporation from the charge of negligence, is a question for the jury, under the circumstances of each particular case. The absence of a guard or barrier along the edge of an embankment at the side of a street, road, or bridge, has frequently been found by juries to constitute negligence for which actions could be maintained, and such findings have been upheld by the courts. Hyatt v. Village of Rondout, 44 Barb. 386, affirmed 41 N. Y. 619; Fitzgerald v. City of Binghamton, 40 Hun, 332, affirmed 111 N. Y. 686, 19 N. E. 286; Ivory v. Town of Deer Park, 116 N. Y. 476, 22 N. E. 1080; Maxim v. Town of Champion, 50 Hun, 88, 4 N. Y. Supp. 515, affirmed 119 N. Y. 626, 23 N. E. 1144.

It is said, however, that the failure to have a guard or barrier along the edge of this embankment was the exercise of a quasi judicial or discretionary power by the city authorities, and therefore cannot be made the basis of a charge of negligence, and the following cases are cited to sustain this contention: Urquhart v. City of Ogdensburgh, 91 N. Y. 67; Id., 97 N. Y. 238; Hubbell v. City of Yonkers, 104 N. Y. 434, 10 N. E. 858; Monk v. Town of New Utrecht, 104 N. Y. 553, 11 N. E. 268; and other cases. These cases, however, were decided upon their own peculiar facts, and have since been frequently distinguished by the courts in the cases above cited, where this question has been distinctly raised, and the general rule of liability for such negligence has been adhered to and upheld. We do not deem it necessary to go over these cases. The Maxim Case, supra, was a case of failure to have a guard or barrier along the edge of an embankment, and thus questions of judicial and discretionary power were distinctly raised. A recovery was had, which was sustained by the general term upon a review and consideration of all the cases here relied upon by the appellant; and the court of appeals affirmed the general term without an opinion. In the Hubbell Case, supra, Judge Peckham distinctly recognized the correctness of the general rule of negligence we have stated, but distinguished his case, and showed the general rule was not applicable in that case. In the Fitzgerald Case, supra, the Ogdensburgh Cases were held not to apply, and the court of appeals, in 111 N. Y. 686, 19 N. E. 286, affirmed the general term without opinion. In the Ivory Case, supra, both the cases in 104 N. Y. and 10 and 11 N. E. were considered and distinguished, and the general rule was upheld.

We think, without analyzing or discussing these cases in detail, or attempting to distinguish them, we must hold that it was a

question for the jury as to whether the defendant was in this case negligent in failing to maintain a guard or barrier along the easterly edge of this embankment. The city, very likely, could not be held liable merely because the contract did not provide for such guard or barrier; but after the contract was completed, and the work was accepted by the city, it maintained the street without a guard or barrier. The sidewalk ran along the embankment near its edge. The sidewalk was for the use of travelers. And the question whether the street and sidewalk, in that condition, were reasonably safe for public travel, when this unguarded embankment was so close to the sidewalk, was a question of fact for the jury; and, if its condition was not reasonably safe, then the city neglected its duty to the public who had occasion to and did use the sidewalk, and was liable for any injuries caused by such negligence. It cannot be held, as a general proposition, that a city may excuse itself from a charge of negligence as to the condition and care of its streets merely by claiming that it had acted judicially in determining to leave the street in a dangerous condition for public travel. The cases in which any such a rule can be applied at all must necessarily be quite limited, and this clearly is not such a case.

Our conclusion is that the judgment and order appealed from should be affirmed, with costs. All concur.

---

## ALIXANIAN v. WALTON.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

EXECUTORS—PAYMENT FOR TESTATOR'S BOARD—BURDEN OF PROOF.

In an action against an executor for the value of board and lodgings furnished his testator, it is unnecessary to prove, as part of plaintiff's case, that testator did not pay for the board and lodgings.

Appeal from trial term, New York county.

