JUANITA W. JACK, as Limited Administratrix of WILBUR C. JACK, Deceased, Plaintiff, *v.* TOWN OF GREECE, Defendant.

HELGA A. SCHUTT, as Limited Administratrix of WILLARD L. SCHUTT, Deceased, Plaintiff, *v.* TOWN OF GREECE, Defendant.

MARGARET POWERS, an Infant, by FRANK L. POWERS, as Guardian ad Litem, Plaintiff, *v.* TOWN OF GREECE, Defendant.

FLORENCE E. MANLEY, Plaintiff, *v.* TOWN OF GREECE, Defendant.

Supreme Court, Monroe County, November 8, 1929.

*Webster & Smith,* for the plaintiffs Jack and Schutt.

*Hilbert & Keefe,* for the plaintiffs Powers and Manley.

*Sutherland & Dwyer,* for the defendant.

RODENBECK, J. In the trial of this case the court followed the rule laid down in *Kiernan* v. *Mayor* (14 App. Div. 156), cited by Judge CARDOZO in *Stern* v. *Int. Ry. Co.* (220 N. Y. 284, 294), where it was held that a defect in a highway, although one of original construction, would not excuse the town from a liability for negligence in the maintenance of the highway. The theory of such a ruling is that the courts will not substitute their judgment for that of towns .in planning a public improvement, but, when the improvement has been made, they will hold towns to their obligation to keep the improvement, if a highway, in a reasonably safe condition, and thus impose a liability even though the condition was one of original construction. This is not a case of nuisance exempting the plaintiffs from the usual rule of contributory negli-

gence, but one of negligence in which there can be no recovery by a party who contributed to the accident and his injury.

The court in its instructions did not misapprehend the rule of liability applicable to these cases, and, taken as a whole, the charge makes the elements of liability plain in each case. The court charged correctly in each case, and specifically said that the passengers were "not chargeable with the negligence of the driver of the car, but only with their own negligence." The charge must be taken as a whole and must be judged, not by an isolated phrase, but by the whole context.

The request to charge concurrent negligence, at the close of the cases, was, strictly, incorrect, since it included all the plaintiffs. The remarks of the court show that the request was interpreted to include all of them, reference being made by the court to the defendant Jack not represented by counsel making the request. The court stated that it would charge specifically with reference to each plaintiff, but no such request by counsel was made.

The instruction of the court that the passengers in the car were not chargeable with the negligence of the driver is equivalent to a charge that concurrent negligence of the defendant and the driver would not bar a recovery by a passenger.

It cannot be said that failure to charge concurrent negligence had the slightest effect on the result. The jury knew that the liability depended upon the negligence of the town superintendent and the absence of contributory negligence of the plaintiff in each case and that the negligence of the driver was not to be imputed to a passenger.

The motion for a new trial is denied, with ten dollars costs in one case.

So ordered.