ROSE COE, Appellant, v. THE CITY OF NEW YORK and Another, Respondents, Impleaded with TRANSIT RELIEF BUS ASSOCIATION, INC., Defendant.

Second Department, June 3, 1933.

Lester Hand Jayne [Robert R. Bauman with him on the brief], for the appellant.

Vine H. Smith [Arthur J. W. Hilly, Corporation Counsel, and J. Joseph Lilly with him on the brief], for the respondent The City of New York.

Everett W. Bovard [Daniel Mungall with him on the brief], for the respondent Rainbow Construction Company, Inc.

PER CURIAM. As a bus was passing along Merrick road in the borough of Queens in the forenoon of a bright, clear day, the ground gave way under the right wheels and it fell into an excavation. The plaintiff, a passenger, was injured. It has been determined that the driver of the bus was negligent, and there was no appeal by defendant Transit Relief Bus Association, Inc., the owner. The question here relates to the concurrent negligence of the contractor engaged in paving work for the city and of the city itself. The verdict was for these defendants.

In connection with the paving work involving a change of grade, the contractor had made an excavation along the side of Merrick road. It was about four feet in depth and had irregular margins. Some of the dirt had become spilled on the paved road, making it difficult to determine where the edge of the pavement was. The dirt in the excavation was soft and the soil sandy, making the edges of the excavation somewhat unstable. The paved highway to the width of twenty-two feet was left open to the heavy traffic that passed over it, where vehicles were constantly meeting or passing each other.

The driver was seated on the left side of the bus with the right side near to the excavation. He could not obtain a clear view of the position of the right wheels, the roadway on that side, or the irregular outlines of the excavation. He had recently taken on a passenger and was apparently about to stop for another. A truck passed him and he swung the bus a little to the right. He got too near the edge, and the earth crumbled and gave way under the right wheels. The accident followed.

It is not disputed that there may be more than one proximate cause of an accident. (Sweet v. Perkins, 196 N. Y. 482.) The plaintiff asserts that there was negligence on the part of the contractor and city in failing to have barriers along the edge of the

excavation as the law prescribes. An ordinance (Chap. 23, art. 1, § 3, subds. 1, 2) provides in part: " Every person engaged in digging down or paving any street, * * * under contract with the city * * * shall erect such a fence or railing about the excavation or work as shall prevent danger to persons traveling the street, while the work is left exposed and would be dangerous, and any such railing or fence shall be continued and maintained until the work shall be completed, or the obstruction or danger removed;" and in the alternative that the street may be closed " to prevent persons from traveling on such portion as would be dangerous." There were provisions for lighting the barrier at night.

Concededly there was no railing along this excavation at the time, and, as has been stated, this portion of the street was not closed to traffic. It was then a question of fact whether the condition was dangerous to travelers, requiring a railing to give warning; and if so, whether the absence of the railing constituted a proximate cause of the accident. " Ordinarily violation of a statute or of an ordinance which causes injury to any person is *prima facie* evidence of negligence, * * * and unless its probative force is overcome, it becomes conclusive and fixes liability " (*Clark* v. *Doolittle*, 205 App. Div. 697, 699); and an ordinance intended for the protection of travelers on the highway, like a statute, " is a law within its sphere of operation." (*Martin* v. *Herzog*, 228 N. Y. 164, 169.)

As respects these two respondents, the primary question on the trial was whether there was any duty on their part to erect a railing along this excavation. The terms of the ordinance are positive in case danger exists. It left no freedom of choice to the contractor to dispense with railings if it seemed inconvenient or unnecessary to erect them. The contractor knew better than any casual passerby the dangers not only obvious but inherent in the nature of the work. It knew the location of the irregular margin of the excavation; the degree to which the top, apparently safe, had been undermined or rendered unstable in the course of the work; and the nature of the soft, sandy soil and its liability to crumble and give way on pressure. It is the law of the case that if the contractor is liable, so also is the city.

The driver of a passing car could not have equal knowledge of such conditions. His judgment must be formed at a quick glance. His attention was likely to be distracted by passing vehicles and the necessity of avoiding collisions. He could not give his entire thought to the edge of the excavation and the likelihood of its caving if he kept at a distance apparently safe. Sitting on the left side of the bus, the driver could have seen a railing and been warned, though

he could not see the margin of the excavation. A railing would check the thoughtless, " though the recklessly indifferent will be free to go their way." (*De Haen* v. *Rockwood Sprinkler Co.*, 258 N. Y. 350, 354.)

The ordinance is but a concrete expression of common-law duty. The measure of this duty varies according to many circumstances — the condition adjacent to the highway, whether natural or one artificially created; the time when the accident occurs, whether night or day; the condition of the weather, whether foggy, rainy or clear; the condition of the road; and the potentiality of danger indicated to the prudent by many other conditions prevailing. (*Kiernan* v. *Mayor*, 14 App. Div. 156; *Dennis* v. *Village of Elmira Heights*, 59 id. 404; *Lendrum* v. *Village of Cobleskill*, 192 id. 828; *Rigby* v. *Town of Gerry*, 209 id. 391; *Maloney* v. *City of New York*, 154 id. 608; *Nicholson* v. *Town of Stillwater*, 208 N. Y. 203; *Flansburg* v. *Town of Elbridge*, 205 id. 423.) The distinction rests largely on the degree of care required under these varying circumstances, and the question is ordinarily one of fact.

The jury, answering specific questions, determined that the two respondents were not negligent. The plaintiff argues that these questions were not submitted to them under the principles of liability we have attempted to outline; but rather on the theory that the bus driver was solely negligent and the other defendants were comparatively blameless. On plaintiff's motion to set aside the verdict, the learned trial justice frankly stated: " It may be that I have a wrong interpretation of the law; it may be that in my charge I did you an injustice. I do not know. My interpretation of the law was that there was no proof here which would justify a finding against the city of New York and against the contractor. * * * It was my impression that I should dismiss the complaint as to the defendant city and as to the defendant contractor. I am still of that opinion; and if I am wrong in that, it probably was reflected in my charge."

While commending the frankness of the justice, we differ in our conclusions respecting liability. Entertaining those views, it was his duty to grant the motion to dismiss. It is apparent that his doubts were unconsciously communicated to the jury and colored the charge, amounting in effect to the direction of a verdict for respondents. Without going into detail either as to the portions of the charge deemed erroneous, or the refusals to charge as requested, it is our opinion that the plaintiff did not have, as she was entitled to have, the benefit of a fair and dispassionate charge on the question of legal liability. The verdict is against the weight of evidence on the question of the negligence of these defendants.

For the reasons stated, the judgment and order should be reversed on the law and the facts and a new trial granted, costs to appellant to abide the event.

LAZANSKY, P. J., YOUNG, HAGARTY, CARSWELL and DAVIS, JJ., concur.

Judgment and order reversed on the law and the facts and a new trial granted, costs to appellant to abide the event.