C. I. T. Corporation, Appellant, v. Fred Schettig, Respondent.— Action by the assignee of a conditional sales contract involving the purchase of an automobile. Judgment of the County Court of Rockland county reversed on the law and the facts, with costs, and judgment directed for the appellant for the sum of $287.41, with costs, on the ground that the alleged agreement by the plaintiff's representative to cancel the unpaid balance did not amount to a contract but was nothing more than a voluntary waiver which lacked consideration. The only consideration, which could support such waiver would be an agreement in turn upon the part of the vendee to dispense with statutory compliance upon retaking, which was not included so as to constitute a contract. There was nothing in these negotiations which would have warranted the vendor in dispensing with statutory compliance and, indeed, it did not dispense with them but did comply therewith. Under the circumstances of this case the waiver did not amount to a contract. (Adler v. Weis & Fisher Co., 218 N. Y. 295, 299, 300.) Hagarty, Davis and Johnston, JJ., concur; Lazansky, P. J., and Tompkins, J., dissent and vote to affirm, with the following memorandum: We think there is sufficient evidence to support the findings of the jury: (a) That there was a superseding agreement by which the automobile was returned to the plaintiff and the balance of the purchase price waived; (b) that Halversen was plaintiff's authorized representative in making the agreement. There was a good consideration for the new agreement on plaintiff's part, in being relieved of the expense and trouble of retaking the car and complying with the provisions of section 79 of the Personal Property Law. The alleged new agreement was entirely reasonable and natural under the circumstances, and it is a matter of common knowledge that such arrangements are made by automobile dealers, and much to their own advantage, after a purchaser has paid a substantial amount of the original purchase price. The fact that the plaintiff did not take advantage of the defendant's waiver of the provisions of section 79 of the Personal Property Law does not change the situation. Compliance with those provisions was for the purpose of laying a basis for this unjust action.

Rose Coe, Appellant, v. The City of New York and Rainbow Construction Company, Inc., Respondents, and Transit Relief Bus Association, Defendant. — Action for personal injuries due to negligence. On a prior trial, judgment was rendered in favor of plaintiff as against Transit Relief Bus Association and dismissing her complaint as against defendants The City of New York and Rainbow Construction Company, Inc. On appeal by plaintiff, this court (238 App. Div. 453) reversed the judgment and the order denying her motion to set aside the verdict and for a new trial as to the city of New York and Rainbow Construction Company, Inc. On the new trial judgments were rendered in favor of both of said defendants, and the plaintiff appeals. Judgments unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.