■ JACQUELINE E. LEIN, as Administratrix of the Estate of DAVID LEIN, Deceased, Respondent, v JOHN CZAPLINSKI et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered November 3, 1983 in Otsego County, upon a verdict rendered at Trial Term (Harlem, J.).

Plaintiff brought this action following the death of her 21-year-old son who died as the result of a fire in a house in the City

of Oneonta where he resided with four other young men. Defendants were the owners of the building. Testimony at the trial disclosed that effective August 1, 1982, approximately three months before decedent's death, the City of Oneonta had passed a municipal ordinance which required that "all dwelling units except single family residences, shall have smoke detectors installed by the owners". Some three weeks before the fire in question, defendant Helina Czaplinski delivered a smoke detector to the house. However, she did not have it installed, but left it on the bannister. Decedent's cotenants tested the device and ascertained that it worked but, due to the lack of proper tools, did not install it, leaving it in its box at the foot of the stairs.

The Fire Chief for the City of Oneonta testified that the fire had started in a downstairs front room and that smoke and carbon monoxide had filled that room and then traveled up the stairway to the second floor where decedent's body was found in his bedroom partially off the foot of the bed. He also testified about smoke detectors in general, stating that to be effective, they should be positioned on a wall, 6 to 12 inches from the ceiling, outside a sleeping area. When properly positioned, they will give the occupants a three-to five-minute warning of fire. They are not effective when placed on the floor because of the propensity of smoke and gas to rise.

The coroner's testimony confirmed the position of decedent's body, and stated that the cause of death was carbon monoxide poisoning. He further testified that decedent was legally intoxicated at the time of death, having a blood alcohol content of 0.14%.

The jury ultimately rendered a verdict in favor of plaintiff in the amount of $25,000, which they diminished by $12,500 due to their finding that decedent's own negligence had contributed 50% to his death. This appeal by defendants ensued.

Initially, we note that the violation of an ordinance which causes injury to any person has been found to be prima facie evidence of negligence and, unless its probative force is overcome, it becomes conclusive and fixes liability (*Coe v New York* 238 App Div 453; 41 NY Jur, Negligence, § 41, p 55). However, negligence may not be so established unless it is shown that compliance with the regulation or ordinance would have obviated the injury (see *Sheehan v City of New York,* 40 NY2d 496, 501; *Daggett v Keshner,* 284 App Div 733, 735). Accordingly, the issue of proximate cause (i.e., whether defendant's failure to install a smoke detector was a substantial factor in causing decedent's death) is determinative of the instant matter. It is defendant's contention that there was insufficient evidence of

proximate cause to justify either submission of the case to the jury or the jury's verdict in favor of plaintiff. We disagree.

First, we find that plaintiff adduced sufficient evidence of proximate cause to justify the submission of the case to the jury. Plaintiff's burden was to present evidence from which rational men could follow a "valid line of reasoning" to the conclusion that defendants' negligence caused plaintiff's injury (see *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 517). Applying this standard to the evidence adduced at trial, we hold that the trial court was correct in ruling that plaintiff had established a prima facie case, and in submitting it to the fact-finding powers of the jury. This is especially true since questions of causation, such as that presented here, can rarely be ruled on as a matter of law (*Derdiarian v Felix Contr. Co.*, 51 NY2d 308, 315). Where different reasonable inferences are possible, the question of proximate cause should be left for the jury's determination (*Sewar v Gagliardi Bros. Serv.*, 69 AD2d 281, 289, affd 51 NY2d 752).

We are also unpersuaded by defendants' contention that the evidence was insufficient to justify the jury's ultimate finding that defendants' failure to install the smoke detector was a proximate cause of decedent's death. The testimony of the fire chief that a properly positioned smoke detector would have given adequate warning of fire, together with the coroner's testimony indicating that decedent had apparently awakened and tried to escape but was, by then, too overcome by smoke to do so, provided sufficient evidence to support the jury's finding of proximate cause. This is especially true in view of two rules which favor plaintiff's case. First, a claimant in a death action is not held to as high a degree of proof of the cause of action as where the plaintiff is himself able to describe the precipitating occurrence (*Noseworthy v City of New York*, 298 NY 76). Second, a lesser standard of proof of proximate cause is required in cases where the neglect of a statutory duty allegedly resulted in injury to a member of the class which the statute or ordinance was designed to protect (see *Daggett v Keshner*, 284 App Div 733, 736, *supra;* 41 NY Jur, Negligence, §§ 44, 46, pp 60, 62). Accordingly, the verdict should not be disturbed.

Judgment affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.