■ JOSE R. VELEZ, as Administrator of the Estate of JOEL VELEZ, Deceased, Respondent, v 1163 HOLDING LTD. et al., Appellants. [626 NYS2d 795] —Order, Supreme Court, Bronx County (Anne E. Targum, J.), entered July 11, 1994, which denied defendants' cross-motions for summary judgment dismissing the verified complaint, unanimously reversed, on the law, the cross-motions granted and the verified complaint dismissed, without costs.

This is a wrongful death action arising from the death, on May 18, 1991, of the eleven year old decedent, who allegedly fell to his death from the roof of an apartment building owned by defendant 1163 Holding Ltd. and located at 1161-1163 Stratford Avenue in the Bronx. According to the police report, the child's body was found face down in the alleyway between the 1161-1163 building and a similar adjoining building owned by defendant Yauco Holding Corp. Plaintiff's theory of liability is premised on the claim that defendant 1163 Holding violated its common law duty to maintain its premises in a reasonably safe condition "[b]y permitting and allowing youngster[s] on the roof of their premises" when the parapet wall was "a mere 20″ in height", thus creating "a foreseeable risk that an individual on their roof would fall over by leaning too far over the wall, or tripping near the parapet."

Here, however, where there were no eyewitnesses to the child's fall, there is no evidence from which an inference of

causation may be drawn. It was just as likely that the child's fall from the roof had nothing to do with the parapet as that it did.

Therefore, under the circumstances herein, any finding of proximate cause would be impermissibly speculative and, even after viewing the evidence in the light most favorable to the plaintiff, there is no showing that the alleged defect was the proximate cause of decedent's fall (see, e.g., Scheer v City of New York, 211 AD2d 778).

As to defendant Yauco, plaintiff's entire showing was directed toward the negligence of defendant 1163 Holding and, although Yauco joined in 1163 Holding's motion and incorporated its arguments, plaintiff submitted nothing to demonstrate that Yauco was negligent. Accordingly, the verified complaint should have been dismissed as to both defendants. Concur—Murphy, P. J., Rosenberger, Kupferman, Nardelli and Mazzarelli, JJ.