[721 NYS2d 332]

Sonia Acevedo et al., Respondents, v Audubon Management, Inc., Defendant, and Martin Levine et al., Appellants. (And a Third-Party Action.)

First Department, February 22, 2001

APPEARANCES OF COUNSEL

*Martin A. Lerner* of counsel (*Freed & Lerner,* attorneys), for respondents.

*Benjamin M. Zuffranieri, Jr.,* of counsel (*Stephen A. Aschettino, Kathleen Sellers* and *Jeffrey C. Stravino* on the brief; *Hodgson, Russ, Andrews, Woods & Goodyear, L. L. P.,* attorneys), for appellants.

## OPINION OF THE COURT

SULLIVAN, P. J.

At issue in this personal injury and wrongful death action arising out of a fire that occurred in an apartment occupied by the deceased and his family is the propriety of denying summary judgment to the owner landlords of the building.

The fire occurred on April 25, 1991 in apartment 5A at 620 West 147th Street in Manhattan, occupied since 1968 by the deceased, Rigel Acevedo, and his wife Carmen, who, in 1992, died of unrelated causes. No claim of injury is made in her behalf. The deceased died on July 15, 1991, while still hospitalized from injuries sustained in the fire. Neither the deceased nor his wife was ever deposed with respect to this incident. A granddaughter, Carmen Concepcion, Carmen's daughter, a former foster child and one adopted daughter also resided in the apartment at the time. Plaintiff Sonia Acevedo, the deceased's daughter and Concepcion's mother, who did not reside in the apartment at the time of the incident, is the administratrix of the deceased's estate.

According to the Fire Department's investigation report, the fire originated in the bedroom, caused "probably [by the] careless use of smoking materials." During the two-week period prior to the fire, painters, alleged to be independent contractors hired by the owners or their managing agent, had been observed working in the Acevedo apartment. A witness had seen a painter, on one occasion, smoking outside of the apartment. No evidence was presented as to whether the painters were in the Acevedo apartment on the day of the fire, much less that a painter was smoking in the apartment on that day.

Plaintiff disputes the owners' claim that the apartment was equipped with a smoke detector on the day of the fire. The owners offered, as evidence thereof, a copy of a receipt signed by the deceased on October 28, 1981 acknowledging the installation of such a device in the apartment. In his deposition, Martin Levine, one of the owners of the building, testified that after the fire he observed smoke detectors in apartment 5A on the foyer ceiling near the kitchen entrance and on the foyer ceiling at the back of the apartment where the bedrooms are located.

Plaintiff's proof in this regard consists of a Fire Department Referral Report stating that smoke detectors were missing throughout the building. The same report indicates however, that despite the fact that a number of apartments did not have smoke detectors, "[s]everal smoke detectors activated during the fire." Also, in her deposition, Carmen Concepcion could not recall seeing smoke detectors in the apartment. Finally, on this point, plaintiff cites a fire marshal's report, apparently in some type of code, stating "L34 directed to forward report for absence of smoke detectors."

After the completion of discovery, the owners moved for summary judgment dismissing the complaint, alleging, *inter alia*, that a smoke detector had been installed in the Acevedo apartment in accordance with the Administrative Code of the City of New York, which imposes upon the tenants, not the owners, the responsibility for the repair and replacement of such detectors, once installed; the failure, in any event, to show that the absence of a smoke detector was a proximate cause of the deceased's injuries and death; and the absence of any proof that the fire was caused by the negligence of third parties hired by the owners. The third-party defendant, Hudson View Associates, Inc., the managing agent of the building at the time of the accident, cross-moved for the same relief. The IAS Court denied the motions, finding that "[t]he record presents triable

issues of fact, including whether smoke detectors were installed in the apartment as required by the Administrative Code and whether painters, allegedly employed by defendants, were negligent." This appeal followed.[1] We reverse.

■ New York City Housing Maintenance Code (Administrative Code) § 27-2045, which regulates the rights and duties of owners and tenants with respect to the installation and maintenance of smoke detectors, makes clear that the owner's sole obligation, subject to certain exceptions, not here applicable, contained in paragraphs (3) and (4) of subdivision (a) of the section,[2] is to "provide and install one or more approved and operational smoke detecting devices in each dwelling unit" (§ 27-2045 [a] [1]). Subject to the same inapplicable exceptions, the owner, having complied with the duty to provide and install such devices, is not required to keep and maintain the detectors in good repair or to replace a device that is stolen, removed, missing or rendered inoperable. (Administrative Code § 27-2045 [c].) In such circumstances, it is the "sole duty" of the occupant of the dwelling unit to "(1) keep and maintain [the smoke detecting] device in good repair; and (2) replace any and all devices which are either stolen, removed, missing or rendered inoperable during the occupancy of [the] dwelling unit." (Administrative Code § 27-2045 [b].)

As this record discloses, smoke detector devices were installed during the Acevedos' tenancy. As noted, Mr. Acevedo signed a 1981 receipt, whose signature thereon was identified as his by his daughter, the plaintiff herein, acknowledging that a smoke detector had been installed. In affidavits, both of the owners attested that the receipt was kept in the regular course of business in the tenant file for the Acevedo apartment.

■ In opposition to the owners' summary judgment motion, plaintiff argued that the receipt showing that Mr. Acevedo had acknowledged the installation of a smoke detector device in 1981 was not competent evidence since it violated CPLR 4519,

---

1. The third-party defendant's appeal has apparently been abandoned.

2. Paragraph (3) of subdivision (a) provides that it shall be the duty of the owner to "replace any smoke detecting device which has been stolen, removed, missing or rendered inoperable during a prior occupancy of the dwelling unit and which has not been replaced by the prior occupant prior to the commencement of a new occupancy of a dwelling unit." Paragraph (4) of subdivision (a) requires the owner to "replace within thirty calendar days after the receipt of written notice any such device which becomes inoperable within one year of the installation of such device due to a defect in the manufacture of such device and through no fault of the occupant of the dwelling unit."

known as the "Dead Man's Statute." Unquestionably, "evidence excludable under the Dead Man's Statute should not be used to support summary judgment." (*Phillips v Kantor & Co.*, 31 NY2d 307, 313.) And, while the Dead Man's Statute would bar the owners, as interested witnesses under CPLR 4519, from expressing an opinion as to the genuineness of the deceased's handwriting (*see, Wilber v Gillespie*, 127 App Div 604), there is no suggestion that such testimony is expected or necessary in this case.

The Dead Man's Statute does not, by its terms, prohibit the introduction of documentary evidence against a deceased's estate. On the contrary, an adverse party's introduction of a document authored by a deceased does not violate the Dead Man's Statute, as long as the document is authenticated by a source other than an interested witness's testimony concerning a transaction or communication with the deceased (*see, Kiser v Bailey*, 92 Misc 2d 435; *Yager Pontiac v Danker & Sons*, 41 AD2d 366, *affd* 34 NY2d 707).

Here, the deceased's daughter conceded at her deposition that the signature on the receipt is that of her deceased father. This evidence authenticated the document (*see*, Prince, Richardson on Evidence § 9-103 [d]; § 7-318 [a] [Farrell 11th ed]), and, not being testimony concerning a transaction or communication with the deceased, it did not fall within CPLR 4519's prohibition. Additionally, given plaintiff's status as representative of the estate, her testimony cannot be deemed to have been given against the estate in violation of the Dead Man's Statute (*see, Brezinski v Brezinski*, 84 AD2d 464, 468 [testimony of defendants who were called by plaintiff not barred by Dead Man's Statute since their interests were adverse to plaintiff and not adverse to the interests of the deceased]).

Plaintiff's other arguments as to the genuineness of the receipt are speculative and ignore the reality that the deceased's signature has been identified. That the other entries on the document appear to have been written by a different hand and in ink of another color is of no consequence. The same is true even as to the other documents from the tenant's file that are conceded to be genuine. Moreover, as even the untutored eye can readily recognize, the signature on another document signed by the deceased, not challenged as to its genuineness, is identical to the signature on the disputed receipt. Since there is no bona fide dispute as to the genuineness of the receipt, only a " 'shadowy semblance of an issue ' " (*Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338, 341, quoting

*Hanrog Distrib. Corp. v Hanioti,* 10 Misc 2d 659, 660 [Sup Ct 1945]), the owners have established compliance with Administrative Code § 27-2045.

In any event, even if it could be established that the owners failed to install smoke detector devices in the Acevedo apartment, plaintiff's claim would fail because she cannot show through admissible evidence that the failure to install such devices was a proximate cause of the deceased's injuries and death. On this point, the owners persuasively argued that given the absence of testimony from any witness concerning the cause of the fire, the location of the deceased when the fire started or whether the deceased was or was not alerted to the existence of the fire before sustaining his injuries, no triable issue of fact existed as to proximate cause. Inasmuch as the owners met their initial burden on the motion (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562-563), plaintiff was required to produce evidence in admissible form on the subject of causation to raise a triable issue of fact (*id.*). Plaintiff has failed to do so.

Plaintiff relied on documents showing that the deceased suffered smoke inhalation and burn injuries, and ultimately died therefrom. This evidence establishes nothing more than the deceased's demise as a result of a fire in the apartment. It adds nothing to the issue of whether the alleged lack of smoke detectors contributed to the deceased's injuries. For example, there is no competent evidence from which it could be inferred that the deceased was not timely alerted to its existence.

Instead, plaintiff relied on Concepcion's deposition testimony incorporating hearsay statements of plaintiff's mother and a neighbor to the effect that the deceased was sleeping in the apartment at the time of the fire and that the neighbor pulled the deceased out of the apartment after observing him pinned to a wall. Even if this hearsay evidence were admissible to defeat summary judgment, a questionable proposition (*Zuckerman v City of New York, supra,* at 562), its probative value is totally undermined given plaintiff's mother's additional hearsay statement that she woke up the sleeping deceased before leaving the apartment to seek help, which account flies in the face of plaintiff's theory that the deceased's injuries resulted from the lack of a warning about the existence of a fire.

The case of *Lein v Czaplinski* (106 AD2d 723), cited by plaintiff, does not require a contrary result. In *Lein,* the Court found that the plaintiff had produced sufficient evidence that

the absence of smoke detectors was a proximate cause of her son's death. Notably, such evidence included testimony of the fire chief that a properly positioned smoke detector would have given adequate warning of the fire and the coroner's testimony indicating that the deceased had apparently awakened and tried to escape but was, by then, too overcome by smoke to do so (*id.*, at 725). Plainly, there was no similar species of evidence offered by plaintiff in this case from which causation could be inferred. Rather, plaintiff simply relied on the speculative assumption that a smoke detector possibly could have prevented the deceased's injuries and death. Given the state of the record, no triable issue of fact exists as to this issue (*see, Velez v 1163 Holding*, 215 AD2d 276, 276-277; *Silva v Village Sq. of Penna*, 251 AD2d 944, 945; *Thomas v New York City Tr. Auth.*, 194 AD2d 663, 664).

■ Equally unavailing is plaintiff's alternative theory of liability, namely, that the painters hired by the owners negligently caused the fire by smoking in the apartment and carelessly leaving flammable materials there. Of course, a property owner who engages an independent contractor ordinarily is not liable for the latter's negligent acts, unless certain exceptions, not applicable here, are present (*see, Maristany v Patient Support Servs.*, 264 AD2d 302, 302-303; *Fischer v Battery Bldg. Maintenance Co.*, 135 AD2d 378, 379). Such exceptions include negligence in hiring the independent contractor, where an independent contractor is hired to perform inherently dangerous work or where the owner is subject to a nondelegable duty (*see, Maristany v Patient Support Servs., supra,* at 302-303). As none of these exceptions are alleged, much less demonstrated here, no respondeat superior liability is stated.

In any event, plaintiff's contentions are belied by the record. In support of this theory, plaintiff relied on the Fire Department report indicating the "probabl[e]" cause of the fire; Concepcion's deposition testimony that the painters were working in the apartment for two weeks prior to the fire, including the day before; her testimony that the painters left combustible materials in the apartment the day before and her testimony that she had observed one of the painters smoking, whereas all of the apartment's residents were non-smokers.

The above evidence fails to raise an issue of fact as to negligence of the painters. Significantly, there is no evidence, in the record, from Concepcion or anyone else, that the painters were in the apartment on the date of the fire. Although Concepcion did testify that the painters were working in the

rear of the apartment and left combustible materials there the day before the fire, the Fire Department report established that the fire originated in the apartment's front bedroom. Additionally, Concepcion merely testified that she had observed a painter smoking in the hallway outside the apartment, not inside. Thus, even under the reduced standard applicable to plaintiffs in wrongful death cases (*see, Noseworthy v City of New York*, 298 NY 76), no reasonable inference can be drawn that the painters were even present in the apartment on the day of the fire, much less that they negligently caused it.

In light of plaintiff's failure to raise a triable issue of fact as to owners' alleged negligence with respect to installing smoke detectors, as to their vicarious liability or on the issue of proximate cause, the owners' motion for summary judgment should have been granted.

Accordingly, the order of the Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 7, 1999, which denied defendants-appellants' motion for summary judgment, should be reversed, on the law, without costs or disbursements, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of the defendants-appellants dismissing the complaint as against them.

ROSENBERGER, MAZZARELLI, RUBIN and BUCKLEY, JJ., concur.

Order, Supreme Court, New York County, entered July 7, 1999, reversed, on the law, without costs or disbursements, the motion granted and the complaint dismissed.