■ Thomas Baker et al., Appellants-Respondents, v River-house Realty Company, Inc., Respondent-Appellant, and I. Grace Co., Inc., Respondent. (And Another Action.) [751 NYS2d 361] —Order, Supreme Court, New York County (Edward Lehner, J.), entered November 29, 2001, which, inter alia, granted defendant Grace Co.'s motion for summary judgment dismissing the complaint as against it, and partially granted defendant Riverhouse's motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to deny Grace's and Riverhouse's motions for summary judgment in their entirety, and otherwise affirmed, without costs.

The motion court erred in granting defendant Grace's motion for summary judgment since material questions of fact exist as to whether Grace installed and/or maintained smoke detectors in the relevant apartment as Administrative Code of the City of New York § 27-2045 (b) requires and, if it did not, whether the presence of smoke detectors would have obviated plaintiff's injury (General Municipal Law § 205-a; *see Lein v Czaplinski*, 106 AD2d 723; *Whitfield v City of New York*, 239 AD2d 492, *lv denied* 91 NY2d 812). The motion court also erred in partially granting Riverhouse's motion for summary judgment since material questions of fact exist as to whether its employees were negligent in giving incorrect instructions to the firefighters regarding the location of the fire, and, if so, whether correct instructions would have obviated plaintiff's injury (General Obligations Law § 11-106). The motion court's partial denial of Riverhouse's motion was correct since material questions of fact exist as to whether Riverhouse allowed paint to get into the threads of the standpipe cap in violation of a statutory duty under Administrative Code of the City of New York § 27-4265 (c) (1) to keep the standpipe ready for immediate use by firefighters, and, if so, whether the cap was thereby made difficult to remove, causing plaintiff to remain in the dangerous vicinity of the standpipe longer than he would have (*see Mullen v Zoebe, Inc.*, 86 NY2d 135, 140). Concur—Williams, P.J., Mazzarelli, Buckley, Friedman and Marlow, JJ.