■ JHANA M. WIGGINS, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [766 NYS2d 202]—

Judgment, Supreme Court, New York County (Faviola Soto, J.), entered June 20, 2002, which, upon a jury verdict, awarded plaintiff damages, unanimously affirmed, without costs.

The trial evidence showed that at 6:50 A.M., on June 22, 1992, plaintiff became stuck in a malodorous, dirty and poorly ventilated elevator in defendant's building with her two daughters, aged 7 and 9; that the children became upset and complained that they could not breathe; and that after pressing the alarm button and getting no response, plaintiff banged on the elevator walls and screamed for 30 to 40 minutes before getting the attention of a nonresident who happened to be in the lobby. When the nonresident was unable to find a building attendant to assist plaintiff, he, together with plaintiff, pushed

the outer elevator door back, and plaintiff passed her daughters to him through the resulting three-foot opening, which was about four feet above the lobby floor, without incident. However, when plaintiff attempted to exit, she was injured.

Under these circumstances, we cannot accept defendant's contention that plaintiff's actions were so extraordinary as to interrupt the causal chain stemming from its negligence and constitute an intervening and superseding cause of her injury (*see Kush v City of Buffalo*, 59 NY2d 26, 33 [1983]). Rather, the evidence warrants the conclusion that plaintiff's conduct in attempting to extricate herself from the fetid elevator in which she had been trapped without assistance for some 40 minutes was a foreseeable response to the hazardous situation that had developed by reason of defendant's negligence (*see Lynch v Bay Ridge Obstetrical & Gynecological Assoc.*, 72 NY2d 632, 637 [1988]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Buckley, P.J., Tom, Ellerin and Williams, JJ.