■ David Tucker, Sr., Individually and as Parent and Natural Guardian of David Tucker, Jr., an Infant, et al., Appellants-Respondents, v 64 West 108th St. Corp. et al., Respondents-Appellants, et al., Defendants. [768 NYS2d 460]—

Order, Supreme Court, Bronx County (Patricia Williams, J.), entered on or about June 6, 2003, which, inter alia, granted the

named defendants' cross motion for summary judgment on their first and second counterclaims but denied summary judgment dismissing the amended complaint, unanimously modified, on the law, insofar as to grant dismissal of the first, second, third, fifth and sixth causes of action, and otherwise affirmed, without costs.

Plaintiffs were injured in a fire in an apartment rented by Priscilla Tucker in a building owned and managed by the named defendants. It is undisputed that an operational smoke detector had been installed in the apartment approximately 10 years prior to the fire. Under these circumstances, the landlord's obligation to provide and install one or more operational smoke detectors in the apartment was satisfied (Housing Maintenance Code [Administrative Code of City of NY] § 27-2045 [a] [1]). Thereafter, the occupant of the apartment was solely responsible for the maintenance and repair of the smoke detector, and for its replacement in case of removal (§ 27-2045 [b]; *Acevedo v Audubon Mgt.*, 280 AD2d 91 [2001]). Even if defendants' employees had removed the smoke detector, as plaintiffs contend, the occupant was still solely responsible for replacing it, or at least notifying the landlord of the need for replacement. In the absence of a duty on the part of the owner to replace the smoke detector, plaintiffs' claims of negligence are deficient as a matter of law (*Fairclough v 679 Magenta*, 309 AD2d 619 [2003]). The cause of action for prima facie tort, alleging failure to restore Priscilla Tucker's apartment to a habitable condition, is not at issue on this appeal. Concur—Rosenberger, J.P., Lerner, Friedman and Marlow, JJ.