[786 NYS2d 458]

MARGARET PEYTON, Respondent-Appellant, v STATE OF NEW-BURGH, INC., et al., Defendants, and EPIC REALTY LLC et al., Appellants-Respondents.

First Department, December 14, 2004

## APPEARANCES OF COUNSEL

*Leahey & Johnson, P.C.*, New York City (*James P. Tenney, Peter James Johnson, Peter James Johnson, Jr.* and *Kimberly Schirripa* of counsel), for appellants-respondents.

*Debrot & Siris, P.C.*, New York City (*Jacques L. Debrot* of counsel), for respondent-appellant.

## OPINION OF THE COURT

LERNER, J.

In this action for personal injuries and wrongful death arising out of a fire that occurred in an apartment occupied by plaintiff's decedent, we are presented with the issue of whether summary judgment was properly denied to the building's owner and managing agents and their principals.

The subject fire occurred on June 17, 1998 in the apartment of plaintiff's decedent, Allegra Peyton. The building in which the apartment is located is owned by defendant Epic Realty and managed by defendant Pine Management. Defendants Harold Pine and Thomas R. Rohlman are the only members of Epic and the only principals of Pine Management. The decedent occupied the apartment since August of 1995 pursuant to a lease agreement. In a rider to this lease dated August 1, 1995, plaintiff's decedent acknowledged that the apartment had an operational smoke detector that was her responsibility to maintain in good working condition.

According to the Fire Department's investigation report prepared by Fire Marshal Hector Hernandez, the fire was caused by decedent falling asleep in an upholstered chair while smoking a cigarette. In finding empty beer bottles next to the chair where the fire originated, Fire Marshal Hernandez opined that "alcohol was a contributory factor to the happening of this incident." A medical examiner further opined, after reviewing the investigation and toxicology reports, that decedent's severe

alcohol intoxication left her in a semicomatose state at the time of the fire. Notably, Marshal Hernandez's report indicated that two smoke detectors were found in the apartment, but that their batteries had been removed. It is undisputed that these smoke detectors were subsequently discarded by defendants-appellants prior to commencement of the instant action.

Plaintiff disputes the claim of the building's owner and managing agents and their principals that the apartment was equipped with an operational fire detector, contending that the decedent's signature on the lease rider was a forgery and that these fire detectors were later destroyed by defendants-appellants. Plaintiff further speculates that if the apartment had operational smoke detectors, plaintiff's decedent might have been roused from her chair in time to flee the apartment.

After the completion of pretrial discovery, the building's owner and managing agents and their principals moved for summary judgment dismissing the complaint. Plaintiff cross-moved for partial summary judgment on the issue of liability and for an order "determining that the said landlord defendants have spoliated evidence." In denying both the motion and the cross motion, the IAS court found, inter alia, a triable issue of fact as to whether plaintiff's decedent had been provided with an operational smoke detector at the commencement of her tenancy as required by the Housing Maintenance Code (Administrative Code of City of NY) § 27-2045. We now modify and dismiss the complaint as against defendants-appellants.

It is well settled that it is the obligation of the owners to install an operational smoke detector in each dwelling unit (Administrative Code § 27-2045 [a] [1]; see *Tucker v 64 W. 108th St. Corp.*, 2 AD3d 193 [2003], *lv dismissed* 2 NY3d 759 [2004]; *Acevedo v Audubon Mgt.*, 280 AD2d 91 [2001]). Once the owner fulfills its statutory obligation to provide a smoke detector, the occupant of the dwelling unit becomes solely responsible for its maintenance and repair of the device (Administrative Code § 27-2045 [b]; see *Tucker v 64 W. 108th St. Corp., supra.; Acevedo v Audubon Mgt., supra*).

By submitting the rider to the decedent's lease in which she acknowledged that her apartment was equipped with an operational smoke detector, together with an expert's affidavit declaring that the signature on the rider was that of the decedent, defendants-appellants have established a prima facie showing of compliance with Administrative Code § 27-2045 (*see Acevedo v Audubon Mgt.*, 280 AD2d at 94). In determining that

decedent's signature on the lease rider was authentic, the forensic handwriting expert had reviewed and compared some 18 examples of decedent's signature on other documents contained in her tenant file, including personal checks, lease renewal forms, lead warning statements and other lease notices. Plaintiff's arguments in opposition, questioning the authenticity of decedent's signature on the rider disregard the fact that the decedent's signature was identified through a comprehensive handwriting analysis by a forensic expert.

In view of defendants-appellants' prima facie showing, the affidavit of the decedent's mother, stating that the signature on the rider was not that of the decedent must be viewed as conclusory, self-serving and wholly insufficient to rebut defendants' entitlement to summary relief as a matter of law. "[S]omething more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature" (*Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 384 [2004]). This record contains no factual assertions by plaintiff to support the claim of forgery. Even without the forensic expert's affidavit, the lease rider containing the decedent's signature, standing alone, constituted prima facie evidence and would have been sufficient to withstand plaintiff's bald assertion of forgery for summary judgment purposes. Furthermore, under the present circumstances, no reasonable inference can be drawn to support a claim of forgery even under the reduced standard applicable to plaintiffs in wrongful death cases (*see Noseworthy v City of New York*, 298 NY 76 [1948]). Inasmuch as there is no genuine factual issue as to the authenticity of the decedent's signature on the subject rider, the owners have established compliance with Administrative Code § 27-2045 (*see Fairclough v 679 Magenta LLC*, 309 AD2d 619 [2003]; *Acevedo, supra* at 95-96).

Since an operational smoke detector had been provided at the commencement of the decedent's tenancy and since the decedent was responsible for the smoke detector's subsequent maintenance, it is not necessary to address plaintiff's claim of spoliation of the subject smoke detectors. In any event, the issue of the smoke detectors' reliability could not be determined since the batteries had been removed prior to the unfortunate event.

As a final matter, the IAS court properly determined that the individual appellants, Rohlman and Pine, as the only members of appellant limited liability company and the only principals of appellant management company, were "owners" for the

purposes of Administrative Code § 27-2045. Pursuant to section 27-2004 (a) (45), an "owner" includes the owners of the freehold and any other person, firm or corporation directly or indirectly in control of the dwelling.

Plaintiff's remaining contentions have been considered and found to be unavailing.

Accordingly, the order of the Supreme Court, New York County (Alice Schlesinger, J.), entered April 19, 2004, which denied the motion of the building's owner and managing agent and their principals for summary judgment dismissing the complaint as against them, and denied plaintiff's cross motion for partial summary judgment on the issue of said defendants' liability, should be modified, on the law, the motion granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants-respondents dismissing the complaint as against them.

ANDRIAS, J.P., MARLOW and CATTERSON, JJ., concur.

Order, Supreme Court, New York County, entered April 19, 2004, modified, on the law, defendants-appellants-respondents' motion for summary judgment dismissing the complaint granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants-respondents dismissing the complaint as against them.