■ MAKEDA BARNES-JOSEPH, Appellant, v REMY K. SMITH et al., Defendants, and UNIVERSAL MUSIC GROUP, INC., et al., Respondents. [901 NYS2d 594]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about April 6, 2009, which granted defendants-respondents' motion for summary judgment dismissing the complaint and cross claims against them, unanimously affirmed, without costs.

This matter arises from the shooting of plaintiff by defendant Remy K. Smith, a hip-hop artist whose persona has been described as violent and antisocial. Plaintiff alleges that defendants-respondents negligently created and promoted her violent persona for profit but failed to take precautions to prevent her from injuring plaintiff, a guest at Smith's birthday party. To the extent plaintiff's allegations support a claim for negligent hiring, defendants-respondents met their initial burden on the motion by submitting affidavits and Smith's recording contract demonstrating that Smith was never an employee of theirs but was employed by an affiliated party that is not a named defendant here (*see Sheila C. v Povich*, 11 AD3d 120, 129 [2004]; *Acevedo v Audubon Mgt.*, 280 AD2d 91, 97 [2001]). Even if defendants-respondents and the affiliated party could be deemed a single entity, the release agreement demonstrates that any relationship between Smith and defendants-respondents would have been terminated nine months before the shooting incident. Plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to Smith's relationship with defendants-respondents at the time of the shooting, and her contention that discovery would reveal issues of fact is based on "mere hope or conjecture" (*Waverly Corp. v City of New York*, 48 AD3d 261, 265 [2008]). Concur—Saxe, J.P., Friedman, Nardelli, Freedman and Abdus-Salaam, JJ.