# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1033**
**CA 15-00269**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

TYLER BULLUCK, PLAINTIFF-RESPONDENT,

V                                      MEMORANDUM AND ORDER

MARYANNE E. FIELDS, DEFENDANT-APPELLANT.

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN J. KROGMAN DAUM OF COUNSEL), FOR DEFENDANT-APPELLANT.

HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered November 21, 2014. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained in a fire at defendant's residence. Plaintiff alleges that his injuries were caused by the negligence of defendant in failing to maintain functional, properly placed smoke detectors and in maintaining faulty electrical wiring.

Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Even assuming, arguendo, that defendant met her initial burden of establishing that she had installed smoke detectors in the residence (*see Verizon N.Y., Inc. v Garvin*, 13 NY3d 851, 852; *see generally* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562), we conclude that there are triable issues of fact whether those smoke detectors were functioning properly on the night of the fire (*see Pierre-Louis v DeLonghi Am., Inc.*, 66 AD3d 857, 858; *see generally McKnight v Coppola*, 113 AD3d 1087, 1087-1088), and whether "a properly positioned smoke detector would have given adequate warning of fire" to plaintiff (*Lein v Czaplinski*, 106 AD2d 723, 725). We further conclude that there are triable issues of fact whether the alleged failure of the smoke detectors to function properly caused or contributed to plaintiff's injuries (*see Hanes v Narracci*, 113 AD3d 1125, 1126; *see also Foreman v Coyne Textile Servs. of Buffalo*, 284 AD2d 912, 912), and whether the fire was the result of defendant's negligence in maintaining a dangerous condition at her residence, i.e., faulty electrical wiring

in the room where the fire originated (*see generally New York Mun. Ins. Reciprocal v Casella Constr., Inc.*, 105 AD3d 1440, 1441). Finally, the court properly declined to consider contentions raised by defendant for the first time in her reply papers (*see Jackson v Vatter*, 121 AD3d 1588, 1589).

Entered:  October 9, 2015                           Frances E. Cafarell
                                                    Clerk of the Court