■ YOLANDA MERO, as Administrator of the Estate of ELSA SAMAYOA, Deceased, Respondent-Appellant, v ANNA VUKSANOVIC

et al., Appellants-Respondents. (And a Third-Party Action.) [35 NYS3d 23]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered May 15, 2015, which granted defendants/third-party plaintiffs Anna Vuksanovic and Caco Son Realty Corp.'s motion for summary judgment only to the extent of dismissing claims premised on a failure to install operational smoke detectors and post fire safety notices, unanimously modified, on the law, to reinstate the allegations concerning a failure to install smoke detectors, and otherwise affirmed, without costs.

In this action for wrongful death arising from a fire in a residential apartment building owned and managed by defendants, is undisputed that the fire ignited in apartment 18, which was located on the fifth floor of defendants' building and rented by third-party defendant George Deegan, who was living in the apartment with a roommate on the date of incident. It is also undisputed that the decedent lived in apartment 23, which was on the sixth floor of the subject building, was found unconscious on her bathroom floor when she was removed from the premises by fire fighters, and later died from smoke inhalation.

Defendants failed to establish their prima facie entitlement to summary judgment regarding the issue of whether apartments 18 and 23 were equipped with operational smoke detectors when either Deegan or the decedent commenced their tenancies, as required by Administrative Code of City of NY § 27-2045, because they submitted no evidence that one was installed and operational at that time (see Vanderlinde v 600 W. 183rd St. Realty Corp., 101 AD3d 583 [1st Dept 2012]; see Peyton v State of Newburgh, Inc., 14 AD3d 51, 53-54 [1st Dept 2004], lv denied 5 NY3d 704 [2005]). Given the undisputed testimony of nonparty witness Mary Schieffen that no alarm sounded during the fire, there are triable issues of fact as to whether the smoke detectors in the building were functioning properly on the night of the fire and whether operational smoke detectors would have given adequate warning of fire to the decedent (see Bulluck v Fields, 132 AD3d 1382, 1382 [4th Dept 2015]; Taylor v New York City Hous. Auth., 116 AD3d 695, 695-696 [2d Dept 2014]).

Contrary to plaintiff's contention, her expert's affidavit has no foundational facts to support his opinion that the decedent would have responded to the fire differently if a fire safety notice had been posted in her apartment (see Romano v Stanley, 90 NY2d 444, 451-452 [1997]).

There are issues of fact as to whether the decedent's decision to remain in her apartment during the fire was so extraordinary as to interrupt the causal chain stemming from defendants' alleged negligence in keeping the premises in a reasonably safe condition and constitute an intervening and superseding cause of injury (*see Wiggins v City of New York*, 1 AD3d 116, 117 [1st Dept 2003]).

Defendants failed to preserve for appellate review their contention that the motion court erred in considering plaintiff's expert affidavit because it raised new theories of liability that had not been properly pleaded, and we decline to review it (*see Inwood Sec. Alarm, Inc. v 606 Rest., Inc.*, 35 AD3d 194 [1st Dept 2006]). Lastly, we find that defendants failed to make a prima facie showing that Deegan caused the fire, as the Fire Department Incident Report states that the cause of the ignition was "under investigation" and that the area of origin was undetermined, and the expert's affidavit does not conclusively establish that the fire's origin was entirely unrelated to the building's electrical system. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Webber, JJ.