Miah v Pipe Dreams Realty V Corp. (2023 NY Slip Op 01649)

Miah v Pipe Dreams Realty V Corp.

2023 NY Slip Op 01649

Decided on March 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2023

Before: Kern, J.P., Oing, Kennedy, Pitt-Burke, Higgitt, JJ. 

Index No. 300708/10 Appeal No. 17580 Case No. 2022-01597 

[*1]Munin Miah et al., Plaintiffs-Respondents,
v
Pipe Dreams Realty Corp., Defendant-Appellant, John Doe et al., Defendants.

Frank A. Polacco & Associates, PLLC, Garden City (Daniel Costello of counsel), for appellant.
Bhurtel Law Firm, PLLC, New York (Durga Bhurtel of counsel), for respondents.

Order, Supreme Court, Bronx County (Marissa Soto, J.), entered on or about April 7, 2022, which denied defendant Pipe Dreams Realty V Corp.'s motion for summary judgment dismissing the complaint insofar as interposed by plaintiff Munin Miah and granted plaintiffs' cross motion to amend the bill of particulars, unanimously affirmed, without costs.
Supreme Court, in an order dated November 14, 2019, denied a motion by plaintiffs for summary judgment on liability, finding that there was "no evidence to establish what caused the fire." Despite defendant's position to the contrary, however, this finding does not establish under the law of the case doctrine that defendant eliminated any triable issue as to whether its negligence was a proximate cause of the fire (see generally Carmona v Mathisson, 92 AD3d 492, 492-493 [1st Dept 2012]). Notably, in that same order, the court denied defendant's cross motion for summary judgment dismissing the complaint, noting that defendant cannot "obtain summary judgment by pointing to gaps in plaintiffs' proof," and must instead "tender evidence that it was not negligent" (see Bryan v 250 Church Assoc., LLC, 60 AD3d 578, 578 [1st Dept 2009]). In any event, no note of issue has been filed, and after the November 2019 ruling, plaintiffs deposed another tenant whose testimony constituted additional evidence tending to show defendant was, in fact, negligent. Furthermore, as Supreme Court observed in the order appealed from, this motion — defendant's second one seeking summary judgment — is duplicative, and defendant's argument that there was no proof of the cause of the fire was "raised and squarely addressed" by the prior summary judgment ruling. Thus, Supreme Court properly denied the motion on that basis.
Even were the motion not duplicative, it lacks merit. Defendant failed to demonstrate its entitlement to summary judgment dismissing the complaint because it submitted no evidence that the building was maintained in a reasonably safe condition and complied with the applicable building code. The record also presents an issue of fact as to whether defendant's employees created or had notice of a dangerous condition that posed a foreseeable risk of injury to anyone expected to be at the property on the day of the fire (see Onetti v Gatsby Condominium, 111 AD3d 496, 497 [1st Dept 2013]; Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 71 [1st Dept 2004]). Nor did defendant eliminate triable issues of fact as to whether plaintiff Munin Miah's apartment was properly equipped with a working smoke detector when his tenancy began, as the record presents no evidence that one was installed and working at that time (Administrative Code of City of NY § 27-2045[b]; see Mero v Vuksanovic, 140 AD3d 574, 575 [1st Dept 2016]).
Furthermore, Supreme Court providently exercised its discretion in permitting plaintiffs to amend the bill of particulars before the filing of the note of issue. First, there was no prejudice or surprise [*2]to defendant in pleading additional statutory violations, as the original complaint alleged that the building's fire alarm system and its heat and electrical systems were not kept in good repair (see Schiff v ABI One LLC, 155 AD3d 543, 543 [1st Dept 2017]). Second, plaintiffs have shown that the amendment is not palpably insufficient or devoid of merit (see MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]). Indeed, defendants did not argue that it was, arguing only that they were prejudiced because of the delay in making the cross motion.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2023