■ THERESA FASOLINO, as Administratrix of the Estate of ELIZABETH P. BANKS, Deceased, Respondent, v SEAR COMPANY, Respondent, and P.B.S. REALTY CORP., Appellant.

In 1984, the owners of an apartment building in Queens, New York, converted it to a cooperative, prior to and after which the defendant P.B.S. Realty Corp. (hereinafter P.B.S.) was the registered managing agent. In 1985, the defendant Sear Company (hereinafter Sear) purchased the unsold shares allocated to the plaintiff's decedent's apartment.

On March 15, 1987, the plaintiff's decedent died as the result of complications arising from injuries sustained in a fire which occurred on February 4, 1987, in the apartment which she occupied. The plaintiff brought an action sounding in negligence, claiming that the defendants failed to fulfill their statutory duty to install a smoke detector in the plaintiff's decedent's apartment. Sear successfully moved for summary judgment, and the complaint insofar as asserted against it and the cross claim against it were appropriately dismissed because the court determined that Sear owed no duty to the plaintiff's decedent to install a smoke detector. The cross motion of P.B.S. for summary judgment was denied.

The Administrative Code of the City of New York § 27-2045 (a) (1) requires the "owners" of class A multiple dwellings to equip each apartment with a smoke detector. The Administrative Code defines an "owner" as "the owner or owners of the freehold of the premises or lesser estate therein, a mortgagee or vendee in possession, assignee of rents, receiver, executor, trustee, lessee, agent, or any other person, firm or corporation, directly or indirectly in control of a dwelling" (Administrative Code § 27-2004 [45]). Additionally, the Administrative Code defines a class A multiple dwelling as "a dwelling which is either rented, leased, let or hired out, to be occupied, or is occupied, as the residence or home of three or more families living independently of each other" and "is occupied, as a rule, for permanent residence purposes" (Administrative Code § 27-2004 [7], [8] [a]).

There is no doubt that this cooperative apartment building is a class A multiple dwelling. Pursuant to the Administrative Code, P.B.S. was an "owner", as it was the party in control of the multiple dwelling. Sear, on the other hand, was merely the owner of a single unit in the multiple dwelling and not the owner of the multiple dwelling itself. Therefore, for purposes of compliance with the smoke detector law, P.B.S., the managing agent of the building, was the appropriate party to be charged with the duty of ensuring installation of a smoke detector in the plaintiff's decedent's apartment and the court correctly dismissed the complaint insofar as it is asserted against Sear as well as the cross claim asserted against Sear.

Moreover, based on the record before us, it is unclear whether a smoke detector was ever installed in the plaintiff's decedent's apartment (see, Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338, 341; Computer Strategies v Commodore Business Mach., 105 AD2d 167, 175; Elzer v Nassau County, 111 AD2d 212, 213; see also, Zuckerman v City of New York, 49 NY2d 557; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068; CPLR 3212 [b]). Thus, the court properly denied the cross motion of P.B.S. for summary judgment. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.