■ SOPHIA IOANNIDOU, Appellant, v KINGSWOOD MANAGEMENT CORPORATION, Respondent, et al., Defendant. [610 NYS2d 277] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated May 28, 1992, which granted the motion of the defendant Kingswood Management Corporation for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff brought this action to recover damages after she fell into a hole caused by a missing step in the staircase of a building managed but not owned by the defendant Kingswood Management Corporation (hereinafter Kingswood). Kingswood moved for summary judgment on the ground that it lacked exclusive control over the premises and, therefore, could not be held liable for mere nonfeasance. In support of its motion, it annexed a copy of its rental agreement with the owner of the building, which effectively established that it did not have control of the property to the exclusion of the owner. The plaintiff asserted in opposition that Kingswood's liability was premised upon the provisions of the Housing Maintenance Code of the City of New York (Administrative Code of City of NY, tit 27, ch 2) and the Building Code of the City of New York (Administrative Code, tit 27, ch 1), which impose upon the owner of property a duty to maintain it in safe condition, and which define the term "owner" so as to include

an agent in direct or indirect control of the premises. The Supreme Court granted Kingswood's motion for summary judgment, primarily relying on its lack of exclusive control. It concluded that the plaintiff failed to raise any triable issue of fact as to Kingswood's control of the premises.

As managing agent of the building in which the plaintiff was injured, Kingswood could be subject to liability for nonfeasance only if it were in complete and exclusive control of the management and operation of the building *(see, Jones v Park Realty,* 168 AD2d 945, *affd* 79 NY2d 795; *Gardner v 1111 Corp.,* 286 App Div 110, *affd* 1 NY2d 758; *Keo v Kimball Brooklands Corp.,* 189 AD2d 679).

Here, the written agreement between the owner and Kingswood was nearly identical to the agreement that was interpreted by the Court in *Gardner.* In *Gardner,* the Court found that the managing agent was not in complete and exclusive control of the premises because the owner had reserved to itself a certain amount of control in the agreement. Thus, the Supreme Court here properly found that Kingswood did not have exclusive control over the building and could not be liable for nonfeasance *(see, Gardner v 1111 Corp., supra).*

Contrary to the plaintiff's assertions, the definition of the term "owner" contained in Administrative Code § 27-2004 (a) (45) does not include Kingswood within its scope under the circumstances of this case, since Kingswood lacks exclusive control of the property *(see, Gardner v 1111 Corp., supra,* at 114, interpreting Multiple Dwelling Law § 4 [44], containing the same definition of owner). The case of *Fasolino v Sear Co.* (179 AD2d 738) is distinguishable from the instant case, since the record in *Fasolino* established that the managing agent therein exercised exclusive control over the premises. Balletta, J. P., Ritter, Copertino and Goldstein, JJ., concur.