■ SEMIGRAN ENTERPRISES, INC., et al., Appellants, v GARY NOREN et al., Respondents and Counterclaim Plaintiffs-Respondents. LAWRENCE B. SEMIGRAN, Counterclaim Defendant-Appellant. [730 NYS2d 586] —Judgment, Supreme Court, New York County (Spec. Ref. Julius Birnbaum), entered October 23, 2000, awarding Gary Noren and Legacy Apparel Corp. damages in the principal amount of $28,270 against Semigran Enterprises, Inc. and Lawrence B. Semigran individually, unanimously modified, on the law, to delete from the judgment liability as to Lawrence B. Semigran individually, and otherwise affirmed, without costs. Appeal from order, same court and Referee, entered on or about October 6, 2000, unanimously dismissed, without costs, as superceded by the appeal from the judgment.

Plaintiffs are two corporations, one a designer of fashion apparel and the other an importer of fashion apparel, which brought this action alleging, *inter alia*, that defendants wrongfully appropriated plaintiffs' property, manufactured or sourced out for manufacture the wrongfully appropriated property, and tortiously interfered with plaintiffs' business. Defendants answered and counterclaimed against the corporate plaintiffs and an additional defendant, Lawrence B. Semigran, for breach of contract and related claims. A settlement agreement amongst the parties resolved all claims except defendants' eighth, ninth and tenth counterclaims; the agreement did not specifically exclude any claims against Semigran individually. Justice Gammerman referred the remaining claims to a Special Referee to hear and determine. Referee Birnbaum subsequently found Semigran individually liable on defendants' eighth counterclaim; that counterclaim did not encompass a claim against Semigran individually. A Special Referee's jurisdiction is limited to those matters which were part of the order of reference. Any determination outside the scope of the reference is in excess of his jurisdiction and must be considered a nullity (*see Chang v Chang*, 190 AD2d 311, 319-320). While defendants attempt to salvage the Referee's finding of individual liability

by arguing that the evidence established a basis for piercing the corporate veil, the eighth counterclaim contained no particularized allegations regarding Semigran's use of Semigran Enterprises as his corporate alter ego and therefore failed to set forth a basis on which Semigran could be held individually liable (*cf., Trans Intl. Corp. v Clear View Technologies*, 278 AD2d 1; *International Credit Brokerage Co. v Agapov*, 249 AD2d 77). Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.