■ ROBERTA ALLOWAY, Appellant, v 715 RIVERSIDE DRIVE, LLC, et al., Respondents. [748 NYS2d 6] —Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered

November 9, 2001, dismissing the complaint pursuant to an order which, in an action for personal injuries sustained when a fire broke out in the kitchen of plaintiff's apartment, granted defendant building owner's and managing agent's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

According to plaintiff, the fire broke out after she left a pot of oil on the stove unattended to go to the bathroom, that upon returning to the kitchen and discovering the fire she safely ran out of the apartment, but then returned to the apartment hoping to extinguish the fire, whereupon she was injured. Plaintiff's theory is that the two smoke detectors in her apartment were mounted too low on the walls, in violation of Administrative Code of City of NY § 27-2045 (a) and Reference Standard RS 17-12 (Administrative Code, tit 27, Appendix), and that she would have been confronted with a lesser fire had she been given the earlier warning that properly installed smoke detectors would have provided. Assuming a violation of the cited standard, no issue of fact exists as to whether such violation was a proximate cause of plaintiff's injuries. Her expert's opinion that enough time had passed to allow the small particles known as "invisible smoke" generated by the burning cooking oil to migrate from the kitchen to the nearby hallway where one of the smoke detectors was located must be rejected as speculative, absent any indication as to how long it takes such smoke to form, the rate at which it travels, the height it would have to reach to have been be detected, and how long plaintiff left the pot unattended (*cf. Bean v Ruppert Towers Hous. Co.*, 274 AD2d 305, 307-308). In any event, the purpose of a smoke detector is to assure safe egress from a building imperiled by fire. In fact, plaintiff managed to safely escape. Her voluntary and unnecessary return thereafter to the apartment where such peril was so obvious was a superseding cause for which defendants cannot and should not be held responsible (*cf. Acevedo v Audubon Mgt.*, 280 AD2d 91, 96-97; *Egan v A.J. Constr. Corp.*, 94 NY2d 839). Concur—Nardelli, J.P., Saxe, Rosenberger, Friedman and Marlow, JJ.