(July 10, 2003)

■ Binh Nguyen, Respondent, v Prime Residential Bronx R&R V LLC et al., Appellants, et al., Defendants. (And a Third-Party Action.) [762 NYS2d 601] —Order, Supreme Court, Bronx County (Kenneth Thompson, J.), entered on or about April 9, 2002, which granted plaintiff's motion to vacate a prior order that dismissed this action based upon plaintiff's failure to appear at a calendar call and restored it to the calendar, unanimously affirmed, without costs.

Plaintiff rents an apartment in a building owned and managed by defendants. She brought this action to recover for injuries she suffered when attempting to extinguish a fire in her apartment. She alleges that the failure to install working smoke detectors was a proximate cause of her injuries. Plaintiff had fallen asleep after placing bean curd in a pot of oil on the stove. When she woke up, she saw smoke and smelled something burning. Afraid that the apartment would be engulfed, plaintiff picked up the flaming pot of oil, threw it into the sink, and doused the fire with tap water. It is undisputed that the apartment did not have any smoke detectors.

Due to confusion about where a pretrial conference was to take place on September 4, 2001, plaintiff's counsel went to the wrong IA part. He also was not present at the calendar call, held the same day, in a so-called "central part." The parties disagree as to what happened next. According to plaintiff, the case was marked off the calendar, while defendant contends it was dismissed by a judicial hearing officer (JHO). Plaintiff moved to restore the case to the calendar, which motion was granted in the order appealed.

The record before us does not contain an order of reference conferring the JHO with jurisdiction over this matter (*Semigran Enters. v Noren*, 285 AD2d 409 [2001]), nor does it indicate

that plaintiff consented to submit the case to a JHO (CPLR 4317 [a]; *Batista v Delbaum, Inc.*, 234 AD2d 45, 46 [1996]). Thus, the JHO was without authority to mark this case off the calendar, or to dismiss it. Accordingly, the case was properly restored.

It should also be noted that plaintiff has adequately demonstrated the merits of this action. Defendants contend that a smoke detector would not have prevented plaintiff's injuries, since her act of removing the flaming pot from the stove was a superseding cause. While ultimately "the purpose of a smoke detector is to assure safe egress from a building imperiled by fire" (*Alloway v 715 Riverside Dr.*, 298 AD2d 148, 149 [2002]), it functions so as to alert residents to the presence of smoke, so they may then take action, if appropriate, to suppress the fire or, if necessary, to escape its spread. Had there been a working smoke alarm in this case, plaintiff would have received earlier warning of the fire which may have prevented her injuries. Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Gonzalez, JJ.