■ ROBIN FINK, Appellant, v DARRICK E. ANTELL, M.D., Respondent. [796 NYS2d 524]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered August 25, 2004, which denied plaintiff's motion to vacate the prior order of dismissal and restore the action to the trial calendar, unanimously affirmed, without costs.

This medical malpractice action was dismissed as a result of plaintiff's unpreparedness for trial, notwithstanding numerous prior adjournments, the marking of the case as final, and the denial of counsel's application to withdraw. Under Uniform Rules for Trial Courts (22 NYCRR) § 202.27, a court may dismiss an action for a party's failure to appear at a scheduled conference or to proceed to trial (see *Saunders v Riverbay Corp.*, 17 AD3d 137 [2005]; *Campos v New York City Health & Hosps. Corp.*, 307 AD2d 785 [2003]). Although plaintiff, relying upon *Binh Nguyen v Prime Residential Bronx R&R V* (307 AD2d 201 [2003]), contends that a judicial hearing officer does not possess the authority to dismiss a case, the order of dismissal herein was actually issued by the court on the basis of the record of the proceeding before the judicial hearing officer.

Such a matter may be restored only where the plaintiff demonstrates both a reasonable excuse for the default and a meritorious cause of action (see *Saunders v Riverbay Corp.*, 17 AD3d 137 [2005], *supra*). Since plaintiff has shown neither a reasonable excuse nor a meritorious claim, the motion to vacate the order of dismissal and restore the matter to the calendar was properly denied. Concur—Tom, J.P., Friedman, Gonzalez and Catterson, JJ.