■ Duane Reade, Inc., et al., Appellants, v John Doe et al., Respondents. [805 NYS2d 52]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered March 22, 2005, which sua sponte dismissed plaintiffs' second amended complaint for failure to prosecute, unanimously reversed, on the law, without costs, the dismissal vacated and the second amended complaint reinstated.

This action was commenced by Duane Reade, Inc. and its chief executive officer, Anthony Cuti, against defendants for fraud, tortious interference with contractual relations, libel per se and negligence. The complaint alleges that defendant Oluyemi Atoki,* then an assistant manager of a Duane Reade store, sent an e-mail to all Duane Reade employees requesting certain confidential and proprietary information that would be the subject of an upcoming union meeting. In the e-mail, Atoki

---

* The complaint also alleges a "John Doe" defendant.

falsely represented that he was "Tony Cuti." Defendants Solomon and Ayilola are alleged to have negligently permitted Atoki to access the Internet on their computers, and that they knew or should have known that Atoki intended to use the e-mail for improper purposes.

The complaint was filed in this action on May 6, 2003. Other than Atoki's failure to answer or appear on several occasions, pretrial proceedings were expeditious. Plaintiffs filed a note of issue on June 23, 2004, in accordance with the court's deadline. After an unsuccessful attempt at mediation in October 2004, the case was adjourned for trial before a judicial hearing officer (JHO) on January 19, 2005.

On December 22, 2004, plaintiffs' counsel submitted a written application to the JHO with a copy to all parties, seeking an adjournment of the trial date from January 19, 2005 to April 11, 2005. Counsel explained that the additional time was necessary to negotiate business record stipulations with defendants Solomon and Atoki, who were appearing pro se. Counsel further explained that the general counsel of Duane Reade was out on maternity leave, making the scheduling of witnesses and settlement negotiations more difficult. Counsel also noted that a resolution of the pending criminal charges against Atoki, alleging criminal impersonation of Cuti arising out of the same e-mail incident, might enhance the possibility of settling this civil action. According to plaintiffs' counsel, the JHO responded by telephone that the January 19, 2005 date was not for trial, but for a status conference. Plaintiffs' counsel, in turn, informed defendants of this information.

Nevertheless, on January 19, 2005, when all parties appeared, the JHO directed the parties to proceed to trial before Justice Friedman. When plaintiffs' counsel protested, the court responded: "If you feel that I backed off my commitment, tomorrow is your trial date. Be here with your witnesses tomorrow. I'll have a judge for you." After defense counsel stated that one day was not enough time to prepare for trial, the JHO said, "I take it you are unwilling to take tomorrow as your date." Plaintiffs' counsel stated that it was "not possible," after which the JHO dismissed the action with prejudice for failure to prosecute. We reverse.

The JHO's sua sponte dismissal for failure to prosecute was a clear abuse of discretion (*see Heist v Cameron,* 211 AD2d 429 [1995]). The record provides indisputable proof that this action was diligently prosecuted by plaintiffs, who made all appearances and met all court-ordered deadlines. In addition, the January 19, 2005 date was the first time the case was on the trial

calendar, and plaintiffs' counsel's December 22, 2004 letter provides record evidence that the request for an adjournment was both timely made and supported by reasonable argument. Whatever the JHO's position is regarding the December 22, 2004 telephone conversation, the action of plaintiffs' counsel in immediately informing defendants that the purpose of the January 19 date had been changed to a status conference provides strong evidence to support *his* belief that the January 19 date was no longer a firm trial date. Since the record belies any failure to prosecute, the action was improperly dismissed.

While our finding that the dismissal was an abuse of discretion is sufficient to dispose of this appeal, we also note that the dismissal was unauthorized. In this case, the court was acting in the capacity of a JHO. However, the record discloses no order of reference or consent of the parties that would vest the JHO with the power to determine this action. In the absence of such proof of authority, the dismissal was unauthorized (*Binh Nguyen v Prime Residential Bronx R&R V LLC*, 307 AD2d 201, 201-202 [2003]). Concur—Tom, J.P., Andrias, Sullivan, Gonzalez and Malone, JJ.

