■ RICHARD JAMES et al., Respondents, v GREENPOINT FINANCIAL CORP. et al., Defendants, and OCI MORTGAGE CORPORATION et al., Appellants. [825 NYS2d 114]—

In an action to recover damages for personal injuries, the defendant H.P. Greenfield Real Estate, Ltd., sued herein as Century 21 HP Greenfield Real Estate appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated December 2, 2004, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant OCI Mortgage Corporation separately appeals from so much of the same order as

denied its motion for summary judgment dismissing the complaint as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

A managing agent of a building is subject to liability for nonfeasance only if the managing agent was in complete and exclusive control of the management and operation of the building (*see Lennon v Oakhurst Gardens Corp.,* 229 AD2d 897 [1996]; *Ioannidou v Kingswood Mgt. Corp.,* 203 AD2d 248, 249 [1994]; *Keo v Kimball Brooklands Corp.,* 189 AD2d 679 [1993]; *Jones v Park Realty,* 168 AD2d 945 [1990], *affd* 79 NY2d 795 [1991]). Contrary to the plaintiffs' contention, the defendant H.P. Greenfield Real Estate, Ltd., sued herein as Century 21 HP Greenfield Real Estate (hereinafter Century 21) tendered sufficient evidence to show the absence of a triable issue of fact (*see* CPLR 3212; *Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). However, in opposition, the plaintiffs established the existence of a triable issue of fact with respect to whether Century 21 was in complete and exclusive control of the management of the subject property during the infant plaintiff's alleged exposure to lead (*see Ingordo v Square Plus Operating Corp.,* 276 AD2d 528 [2000]).

Moreover, although Century 21 and the defendant OCI Mortgage Corporation (hereinafter collectively the movants) established their prima facie entitlement to judgment as a matter of law with respect to the issue of causation, the plaintiffs demonstrated the existence of triable issues of fact with respect to whether the movants' alleged negligence was a substantial factor in causing and in exacerbating the infant plaintiff's injuries (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]).

The movants' remaining contentions are without merit. Florio, J.P., Goldstein, Lunn and Dillon, JJ., concur.