In an action to recover damages for personal injuries, etc., the defendant H.E Greenfield Real Estate, Ltd., also known as Greenfield 21 HP Greenfield Real Estate, appeals from an order of the Supreme Court, Kangs County (Bayne, J.), dated March 23, 2012, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed, with costs.
This action arises out of alleged elevated levels of lead in the infant plaintiff’s blood. For at least part of the time during which the infant plaintiff resided in the building where he was exposed to lead, the appellant, the defendant H.E Greenfield Real Estate, Ltd., also known as Greenfield 21 HP Greenfield Real Estate (hereinafter Greenfield), allegedly was the building’s managing agent. While a managing agent may be subject to liability for nonfeasance under certain circumstances (see James v Greenpoint Fin. Corp., 34 AD3d 644, 645 [2006]; Hagen v Gilman Mgt. Corp., 4 AD3d 330, 331 [2004]; Ioannidou v Kingswood Mgt. Corp., 203 AD2d 248, 249 [1994]), here Greenfield moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was not, in fact, the building’s managing agent. The Supreme Court denied its motion, and Greenfield appeals.
In support of its motion, Greenfield met its initial burden by demonstrating prima facie that it was not the building’s managing agent. Nonetheless, in opposition, the plaintiffs raised a triable issue of fact as to whether Greenfield was the building’s managing agent (see James v Greenpoint Fin. Corp., 34 AD3d at *853 645; Santiago v John J. Lease Realtors, 304 AD2d 743, 743 [2003]). Greenfield’s remaining contention is without merit.
Accordingly, the Supreme Court properly denied Greenfield’s motion.
The plaintiffs’ remaining contention need not be addressed in light of our determination. Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.