Niamul Hussain, Appellant,
against
Anice G. Varghese, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered September 22, 2014. The order denied plaintiff's motion to vacate an order dismissing the action and to restore the matter to the trial calendar.




ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $20,000, based on defendant's alleged failure to return plaintiff's $10,000 down payment which he had made prior to the closing of his purchase of defendant's home, and on defendant's failure to pay plaintiff $10,000 for repairs allegedly required to be made to the house following the closing. On the scheduled trial date, plaintiff failed to appear and, as a result, the action was dismissed. Thereafter, plaintiff moved to vacate the order dismissing the action and to restore the action to the calendar. The Civil Court denied the motion, with prejudice, and plaintiff appeals.
Pursuant to 22 NYCRR 208.14 (b) (2), a court may dismiss an action when a plaintiff is unable to proceed to trial at the call of the calendar (see Chen v Hossain, 41 Misc 3d 142[A], 2013 NY Slip Op 52022[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; see also Fink v Antell, 19 AD3d 215 [2005]). In order to be relieved of that default, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see CPLR 5015 [a] [1]; Kandel v Hoffman, 309 AD2d 904 [2003]; Campenni v Ridgecroft Estates Owners, 61 AD2d 496 [1999]). Here, plaintiff failed to establish either. Moreover, the record demonstrates that plaintiff's failure to appear for trial was not an isolated incident, but part of a pattern of "repeated neglect" (Roussodimou v Zafiriadis, 238 AD2d 568, 569 [1997]). Where the record demonstrates a pattern of default or neglect, the default should be considered intentional and, therefore, not excusable (see Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553 [2001]). Consequently, the Civil Court did not improvidently exercise its discretion in denying plaintiff's motion.
Accordingly, the order is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: April 08, 2016