Poree v New York City Hous. Auth. (2016 NY Slip Op 03955)





Poree v New York City Hous. Auth.


2016 NY Slip Op 03955


Decided on May 19, 2016


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2016

Sweeny, J.P., Renwick, Andrias, Kapnick, Kahn, JJ.


1174 105187/11

[*1]Skylar Poree, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.


Law Office of Certain & Zilberg, PLLC, New York (Michael Zilberg of counsel), for appellant.
Herzfeld & Rubin, P.C., New York (Sharyn Rootenberg of counsel), for respondent.



Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered February 13, 2015, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Summary judgment was properly granted in this action where plaintiff was injured when he attempted to extinguish a fire in a Christmas tree in his apartment by grabbing the burning tree with his arms. The record demonstrates that defendant satisfied its statutory duty under Administrative Code of City of NY § 27-2045(a)(1) to provide a functional smoke detector in the apartment when occupancy was commenced, and that under Administrative Code § 27-2045(b)(1), (2), the obligation to maintain the smoke detector was on the tenant.
Plaintiff's argument that defendant breached a duty to him by negligently performing its annual inspection of his apartment and failing to note that the smoke detector was no longer operational, is unavailing. Liability under this theory may be imposed only if defendant's conduct placed plaintiff in a more vulnerable position than he would have been in had defendant done nothing (see Heard v City of New York, 82 NY2d 66, 72 [1993]; Piazza v Regeis Care Ctr., L.L.C., 47 AD3d 551, 553 [1st Dept 2008]). Here, plaintiff provided no evidence that he relied on defendant's inspection of his apartment to ensure the functionality of the smoke detector, and plaintiff's mother testified that inspectors hardly ever tested the smoke detectors. Accordingly, there could be no reliance on defendant to ensure that the smoke detector was operational.
Furthermore, any negligence by defendant was not a proximate cause of plaintiff's injuries. Plaintiff acknowledged that he had time to exit the apartment without injury, but elected [*2]to try to extinguish the flames by grabbing and shaking the burning tree (see Alloway v 715 Riverside Dr., 298 AD2d 148, 149 [1st Dept 2002]; Acevedo v Audubon Mgt., 280 AD2d 91, 96 [1st Dept 2001].
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 19, 2016
CLERK