Figueroa v Parkash (2020 NY Slip Op 00525)





Figueroa v Parkash


2020 NY Slip Op 00525


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Kapnick, J.P., Oing, Singh, Moulton, JJ.


10875 300844/14

[*1] Jose Figueroa, Plaintiff-Appellant,
v
Ved Parkash, Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellant.
Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about November 8, 2018, dismissing the complaint pursuant to an order, same court and Justice, entered on or about June 21, 2018, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this action where plaintiff alleges that he was injured as a result of a fire in his apartment due to defendant building owner's negligent failure to provide an operable smoke detector, defendant demonstrated prima facie that he satisfied his statutory duty to provide a functional smoke detector in the apartment, and accordingly, the obligation to maintain the smoke detector was assumed by plaintiff (see Administrative Code of City of NY § 27-2045[a][1], [b][1], [2]).
Plaintiff's argument that defendant voluntarily assumed a duty to ensure his smoke detector was in good working condition by regularly inspecting tenants' smoke detectors, is unavailing. "Liability under this theory may be imposed only if defendant's conduct placed plaintiff in a more vulnerable position than he would have been in had defendant done nothing" (Poree v New York City Hous. Auth., 139 AD3d 528, 529 [1st Dept 2016]; see Heard v City of New York, 82 NY2d 66, 72 [1993]). Here, however, plaintiff provided no evidence that he relied on defendant's inspection of his smoke detector to ensure its functionality, and instead testified that he never saw the building superintendent inspect his smoke detector.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK