Cach, LLC v Khan (2020 NY Slip Op 07025)





Cach, LLC v Khan


2020 NY Slip Op 07025


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-01830
 (Index No. 715277/16)

[*1]Cach, LLC, respondent, 
v
Simon Khan, appellant, et al., defendant.


Simon Khan, Woodside, NY, appellant pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Simon Khan appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered January 3, 2018. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and for summary judgment dismissing the complaint insofar as asserted against him, and granted the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against that defendant.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against the defendant Simon Khan, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.
In 2015, nonparty On Deck Capital, Inc. (hereinafter On Deck), allegedly issued a business loan to the defendant 1Needs1, LLC (hereinafter the borrower), which was purportedly guaranteed by the borrower's owner, the defendant Simon Khan. The borrower allegedly defaulted in making its payments on the loan and thereafter, the plaintiff, as successor in interest to On Deck, commenced this action against the borrower and Khan, alleging causes of action sounding in breach of contract, unjust enrichment, and breach of the personal guarantee. Khan filed an answer, and subsequently moved, pro se, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff opposed the motion and cross-moved for summary judgment on the complaint. The court denied Khan's motion and granted the plaintiff's cross motion.
Pursuant to CPLR 3212, on a motion for summary judgment, the moving party must make "a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324). "This burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party. Where the moving party fails to meet this burden, summary judgment cannot be granted, and the non-moving party bears no burden to otherwise persuade the court against summary judgment. Indeed, the moving party's failure to make a prima facie showing of entitlement to summary judgment requires a denial of the motion, regardless of the sufficiency of the opposing papers" (William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 [citation and internal quotation marks omitted]; see Vega v Restani Const. Corp., 18 NY3d 499, 503).
Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against Khan. Among other things, the plaintiff failed to establish, through evidentiary materials in admissible form, the borrower's default (see Fulton Holding Group, LLC v Lindoff, 165 AD3d 1053, 1055), or to refute, as a matter of law, Khan's express denials of the existence and enforceability of the alleged personal guarantee (see Ho Sports, Inc. v Meridian Sports, Inc., 92 AD3d 915, 917).
Khan's remaining contentions are without merit.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court