Idi Jewels, Inc. v Abramov (2021 NY Slip Op 02139)





Idi Jewels, Inc. v Abramov


2021 NY Slip Op 02139


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-03263
 (Index No. 17955/14)

[*1]Idi Jewels, Inc., respondent-appellant,
v
Joseph Abramov, et al., appellants-respondents.


Bernard F. Ferrara, College Point, NY, for appellants-respondents.
Drobenko & Associates, P.C., Astoria, NY (Walter Drobenko of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for unjust enrichment and on an account stated, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered January 17, 2018. The order, insofar as appealed from, denied the defendants' cross motion for summary judgment dismissing the complaint. The order, insofar as cross-appealed from, denied the plaintiff's motion for summary judgment on the cause of action to recover on an account stated.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff, a jewelry wholesaler, commenced this action to recover damages for unjust enrichment and on an account stated. The plaintiff alleged, among other things, that the individual defendants had conducted business with it using the business name of a nonexistent corporation. Following discovery, the plaintiff moved for summary judgment on the cause of action to recover on an account stated and the defendants cross-moved for summary judgment dismissing the complaint. In an order entered January 17, 2018, the Supreme Court denied the motion and the cross motion. The defendants appeal and the plaintiff cross-appeals. We affirm.
On a motion for summary judgment, the moving party must make "a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324). "This burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party. Where the moving party fails to meet this burden, summary judgment cannot be granted, and the non-moving party bears no burden to otherwise persuade the court against summary judgment. Indeed, the moving party's failure to make a prima facie showing of entitlement to summary judgment requires a denial of the motion, regardless of the sufficiency of the opposing papers" (William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 [citation and internal quotation marks omitted]; see Vega v Restani Constr. Corp., 18 NY3d 499, 503).
Here, the plaintiff failed to establish its prima facie entitlement to judgment as a [*2]matter of law on the cause of action to recover on an account stated. Among other things, the plaintiff failed to establish that the defendants held themselves out as a nonexistent corporation. Similarly, the defendants failed to establish their entitlement to judgment as a matter of law dismissing the complaint as they failed to present evidence establishing that the plaintiff did not have a cause of action to recover on an account stated or that they did not hold themselves out as a nonexistent corporation.
Accordingly, the Supreme Court properly denied the motion and the cross motion.
CHAMBERS, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court