Wei Kao v Folan (2022 NY Slip Op 00900)





Wei Kao v Folan


2022 NY Slip Op 00900


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.


2019-06994
 (Index No. 13117/13)

[*1]Wei Kao, etc., appellant,
v
John F. Folan, etc., respondent.


Natale J. Tartamella, Smithtown, NY (Robert A. Bruno of counsel), for appellant.
Pinks, Lipshie, White & Nemeth, Hauppauge, NY (Harold I. Guberman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated March 26, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the second cause of action and dismissing the defendant's affirmative defenses and counterclaims, and for an award of attorneys' fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant are doctors who agreed in 2010 to dissolve two of their jointly held corporations. The parties structured their arrangement in two contracts dated April 20, 2010, specifically, a dissolution agreement and a consulting agreement. The dissolution agreement required the parties to refrain from conducting certain business activities with the jointly held corporations and the reimbursement of losses, including attorneys' fees, in certain circumstances. The parties also guaranteed in the dissolution agreement that certain representations they made about the state of the jointly held corporations' assets and liabilities were true and complete. The consulting agreement required the defendant to pay the plaintiff a consulting fee consisting, in part, of 24 monthly payments of $2,777.78. The consulting agreement provided that it would terminate automatically upon, inter alia, the plaintiff's breach of the dissolution agreement.
The plaintiff commenced this action against the defendant to recover damages for breach of contract, alleging, in the second cause of action, that the defendant breached the dissolution and consulting agreements by failing to pay all of the monthly consulting fee payments. In his answer, the defendant denied the plaintiff's substantive allegations and asserted five affirmative defenses and seven counterclaims. The plaintiff subsequently moved, inter alia, for summary judgment on the second cause of action and dismissing the defendant's affirmative defenses and counterclaims, and for an award of attorneys' fees pursuant to the dissolution agreement. In an order dated March 26, 2019, the Supreme Court, inter alia, denied those branches of the plaintiff's motion, and the plaintiff appeals.
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material [*2]issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; see Zuckerman v City of New York, 49 NY2d 557, 562). The "[f]ailure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Here, contrary to the plaintiff's contentions, his submission of the pleadings, the parties' agreements, and the transcript of a court appearance addressing certain discovery issues failed to eliminate all triable issues of fact with respect to the second cause of action and the defendant's affirmative defenses and counterclaims. In particular, the plaintiff's submissions presented triable issues of fact as to whether the consulting agreement terminated by its own terms prior to the defendant's alleged breach of that agreement as a consequence of the plaintiff's own breach of the dissolution agreement. The plaintiff's evidence also failed to establish, prima facie, that the defendant waived the right to assert his affirmative defenses and counterclaims by agreeing to the indemnity provision in the dissolution agreement, that the defendant was improperly asserting a claim belonging to another party, or that any of the defendant's counterclaims are duplicative of one another, among other things. Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the second cause of action and dismissing the defendant's affirmative defenses and counterclaims, regardless of the sufficiency of the defendant's opposition papers (see id.).
Since there are triable issues of fact remaining as to the extent of the parties' rights under the dissolution and consulting agreements, an award of attorneys' fees under the dissolution agreement to the plaintiff would be premature (see Schulz v Dattero, 104 AD3d 831, 835). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for an award of attorneys' fees.
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court