Verkhovsky v Clinton Hill Apts. Owners Corp. (2025 NY Slip Op 51872(U))

[*1]

Verkhovsky v Clinton Hill Apts. Owners Corp.

2025 NY Slip Op 51872(U)

Decided on November 25, 2025

Supreme Court, Kings County

Stein, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 25, 2025
Supreme Court, Kings County

Simon Verkhovsky, Plaintiff,

against
Clinton Hill Apts. Owners Corp., CHARLES H. GREENTHAL & CO., INC., 
 CHARLES H. GREENTHAL MANAGEMENT CORP., ROSALIE HOFFMAN, RICHARD ELRAUCH, Defendants.

Index No. 504025/2019

Saul Stein, J.

Pursuant to CPLR 2219 (a), the following papers were read on this motion: 
NYSCEF Doc Nos. 167-274.
Plaintiff Simon Verkhovsky brought this action for personal injuries, allegedly sustained while attempting to extinguish a fire in his apartment. Plaintiff was a tenant in apartment 10G (the "Apartment") at the cooperative building located at 185 Clinton Avenue, Brooklyn, New York (the "Building"), where the fire occurred. The Building was owned by defendant Clinton Hill Apts. Owners Corp. ("Clinton Hill"), and was managed by Charles H. Greenthal & Co., Inc. ("Greenthal & Co.") and Charles H. Greenthal Management Corp. ("Greenthal Mgmt.," cumulatively the "Building Defendants"). The cooperative shares were owned by Rosalie Hoffman ("Hoffman") and Richard Elrauch ("Elrauch" together with Hoffman, the "Owner Defendants"). Plaintiff claims that defendants were negligent in failing to install, replace or maintain a working smoke detector in the Apartment.
The Building Defendants and the Owner Defendants each move for summary judgment to dismiss the action. The Building Defendants argue that a smoke detector was in fact installed [*2]by them in the Apartment, and they are therefore not liable (Motion Seq. #9). The Owner Defendants argue that a smoke detector was installed, and that in any event, they are not liable for the lack of installation of a smoke detector (Motion Seq. #10).[FN1]

Plaintiff rented the Apartment from the Owner Defendants around March or April of 2016. Plaintiff testified that he never signed any paperwork before moving into the Apartment, and that he never spoke to anyone from Building management. The Owner Defendants had a verbal agreement with plaintiff, and Hoffman would enter the Apartment each month to collect the rent from plaintiff's freezer.
On December 3, 2016, plaintiff turned on a burner in his kitchen to cook either tea or spaghetti. After turning on the burner, plaintiff returned to his bedroom to watch television. Subsequently, plaintiff smelled smoke and entered the kitchen, discovering a fire by the stove. Upon discovering the fire, plaintiff did not immediately attempt to leave the Apartment. Instead, plaintiff attempted to extinguish the fire, by pouring water on the fire unsuccessfully. In the process of attempting to fight the fire, plaintiff burned his hands. After failing to extinguish the fire, plaintiff left the Apartment. The fire incident report (NYSCEF No. 178) indicates that the firefighters discovered plaintiff outside his apartment door with significant burns. It also indicates that the firefighters extinguished a small kitchen fire when they entered the Apartment and that no smoke detector was present in the Apartment.
It is undisputed that the Owner Defendants commenced their proprietary ownership of the Apartment in 1985. According to the testimony of Frank Greenburger, the managing agent for Clinton Hill, and to the certificate of installation (NYSCEF No. 179), a smoke detector was installed in the Apartment by September 22, 1986. Per the fire incident report, the smoke detector was not present at the time of the fire, and accordingly it must have been removed at some point. Plaintiff also testified that there was no smoke detector in the Apartment when he moved in, and that he asked Hoffman on multiple occasions to install a smoke detector. Hoffman allegedly told plaintiff that she would replace the smoke detector, but never did. 
Summary judgment is a drastic remedy that should not be granted where there exists a triable issue of fact (T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 194 AD3d 879 [2d Dept 2021]; Marino v Jamison, 189 AD3d 1021 [2d Dept 2020]; Integrated Logistics Consultants v Fidata Corp., 131 AD2d 338 [1st Dept 1987]; Ratner v Elovitz, 198 AD2d 184 [1st Dept 1993]). This burden is a heavy one, and all facts must be viewed in a light most favorable to the non-moving party (Jennack Estate Appraisers and Auctioneers, Inc. v Rabizadeh, 22 NY3d 470 [2013]; Cach, LLC v Khan, 188 AD3d 1135 [2d Dept 2020]; Marino, 189 AD3d at 1022; Rodriguez v. Parkchester South Condominium Inc., 178 AD2d 231 [1st Dept 1991]). The moving party must establish a prima facie case showing that it is entitled to judgment as a matter of law (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Idi Jewels, Inc. v Abramov, 193 AD3d 699 [2d Dept 2021]).
The proponent of a summary judgment motion makes a prima facie showing by tendering sufficient evidence to eliminate any material issues of fact from the case (Winegrad v [*3]New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Kao v Folan, 202 AD3d 878 [2d Dept 2022]). Once the moving party has demonstrated its prima facie showing, the burden then shifts to the non-moving party to demonstrate by admissible evidence the existence of a triable issue of fact necessitating a trial (Jacobsen v New York City Health and Hospitals Corp., 22 NY3d 824 [2014]; Alvarez, 68 NY2d at 324; Zuckerman v City of New York, 49 NY2d 557 [1980]).
The Building is a cooperative building, housing more than three families, classifying it as a Class A multiple dwelling unit under Administrative Code of the City of New York § 27-2004 [a][8][a] (see Fasolino v Sear Co., 179 AD2d 738, 739 [2d Dept 1992] ("[t]here is no doubt that this cooperative building is a Class A multiple dwelling"). As such, the Building Defendants were required to "[p]rovide and install one or more approved and operational smoke detecting devices in each dwelling unit in accordance with section 907.2 of the New York city building code or sections 27-978, 27-979, 27-980 and 27-981 of the 1968 building code . . ." (Administrative Code of the City of New York § 27-2045 [b][1][a]). However, once a building owner has installed a smoke detector, their duty to replace any devices which are either stolen, removed, missing or rendered inoperable during the occupancy of the dwelling are more limited (see Acevedo v Audubon Mngmt., 280 AD2d 91 [2d Dept 2001])). Indeed, pursuant to the regulation, it is the occupant's duty to maintain the smoke detector ((see Administrative Code § 27-2045[c]; Poree v New York City Housing, 139 AD3d 528 [1st Dept 2016] ("[t]the record demonstrates that defendant satisfied its statutory duty under Administrative Code of City of NY § 27-2045(a)(1) to provide a functional smoke detector in the apartment when occupancy was commenced, and that under Administrative Code § 27-2045(b)(1) and (2), the obligation to maintain the smoke detector was on the tenant."); see also Tucker v 64 W 108th St Corp, 2 AD3d 193 [1st Dept 2003] (stating that even when the landlord's employees remove the smoke detector, it is the occupant's responsibility to replace the device or notify the landlord of the need for its replacement")).[FN2]

Additionally, the requirements of § 27-2045 [a][1] of the New York City Administrative Code only apply to "owners" of Class A multiple dwelling. Therefore, the owner of a single cooperative unit is not responsible for the smoke detector installation in a multiple dwelling (Fasolino v Sear Co., 179 AD2d 738, 739 [2d Dept 1992]). This is because the owner of the single unit is not the "owner" of the multiple dwelling, just a single unit inside the multiple [*4]dwelling (id.).
In 2013, the duties of a building owner were expanded from just ensuring that a smoke detector was previously installed. Administrative Code of the City of New York § 27-2045 was amended to require owners to also replace previously installed smoke detectors in certain instances. Specifically, the amendment required owners of Class A dwellings to "[p]eriodically replace any device required under paragraph 1 of this subdivision upon expiration of its useful life in accordance with article 312 of title 28 of the code." Plaintiff contends that under this amendment, since the smoke detector was installed in 1986, the smoke detector required replacing by 2016, and that there are at least material questions of fact as to whether the smoke detector had expired by 2016. However, the 2013 amendment only required replacement upon expiration in accordance with Article 312 title 28 of the Administrative Code. Administrative Code of the City of New York § 28-312.4 provides: "[S]moke alarms required pursuant to section 907.2 of the New York city building code or sections 27-978, 27-979, 27-980 and 27-981 of the 1968 building code shall be replaced when the time elapsed since the installation of such alarm exceeds the manufacturer's suggested useful life of the alarm. Exception: A smoke alarm installed before April 1, 2014 and whose end of useful life is not known shall be replaced with an alarm that complies with section 28-312.5 by no later than April 1, 2021" (Administrative Code of the City of New York § 28-312.4).[FN3]
Therefore, under § 28-312.4 there was no duty to replace the smoke detector at the time of the fire in 2016. 
As the Owner Defendants took possession and entered into their proprietary lease of the Apartment in 1985, the Building Defendants met their prima facie burden by demonstrating that a smoke detector was installed in 1986, and there is no evidence suggesting that the end of the smoke detector's useful life was known to the defendants. Additionally, plaintiff acknowledged that he never filled out any paperwork for the Apartment, never signed a lease, paid cash to [*5]Hoffman, and never spoke with Building management during his time in the Apartment, as he was aware that the Apartment "wasn't really allowed to" be rented out (NYSCEF No. 171). Hence, plaintiff could not argue that the Building Defendants had knowledge of the commencement of plaintiff's residence in the Apartment and should have installed a new smoke detector in 2016. Therefore, the Building Defendants had no duty to replace the smoke detector until April 1, 2021, which was after the alleged incident in 2016. Accordingly, the Building Defendants' motion for summary judgment is granted.
As the Owner Defendants were owners of the shares of a single cooperative apartment, they were not responsible for the installation of the smoke detector under § 27-2045 [a][1] of the New York City administrative code. However, "[A] landlord may be liable for failing to repair a dangerous condition, of which it has notice, on leased premises if the landlord assumes a duty to make repairs and reserves the right to enter in order to inspect or to make such repairs" (Litwack v Plaza Realty Investors, Inc., 11 NY3d 820, 821 [2008]). In order for a landlord to be liable, the landlord must have retained control of the premises, be statutorily or contractually liable to repair or maintain the premises, or assume a duty to repair or maintain the premises by virtue of a course of conduct (Ferraro v 270 Skip Lane, LLC, 177 AD3d 651 [2d Dept 2019]; Villarreal v CJAM Associates, 125 AD3d 644 [2d Dept 2015]). To determine control, a Court should consider "the parties' course of conduct—including, but not limited to, the landowner's ability to access the premises—to determine whether the landowner in fact surrendered control over the property such that the landowner's duty is extinguished as a matter of law" (Gronski v County of Monroe, 18 NY3d 374, 380-381 [2011]).
Here, the Court finds that there remain questions of fact as to whether the Owner Defendants assumed a duty to replace the smoke detector, and whether they surrendered control of the premises. Plaintiff testified that every month, Hoffman would enter the Apartment to collect the rent from the Apartment's freezer, raising a question of fact as to whether the Owner Defendants indeed surrendered control of the Apartment to plaintiff, as they retained access. Furthermore, plaintiff testified that Hoffman assured plaintiff on multiple occasions that she would replace the missing smoke detector. Accordingly, there also remains a question of fact as to whether the Owner Defendants assumed a duty to replace the smoke detector by virtue of their course of conduct. Accordingly, it is therefore
ORDERED that Motion Seq. #9 seeking to dismiss the complaint as to Clinton Hill Apts. Owners Corp., Charles H. Greenthal & Co., Inc., and Charles H. Greenthal Management Corp. is GRANTED, and it is further
ORDERED that Motion Seq. #10 seeking to dismiss the complaint as to Rosalie Hoffman and Richard Elrauch is DENIED.
This constitutes the decision and order of the Court.
November 25, 2025
E N T E R:
HON. SAUL STEIN, J.S.C.

Footnotes

Footnote 1:Plaintiff, in opposition to these motions, raises the issue of an alleged missing carbon monoxide detector. However, as this claim was not included in the responses to Bill of Particulars, nor in the Complaint, was not discussed during plaintiff's deposition and was only raised for the first time in the oppositions, after the close of discovery, the Court cannot consider this argument.

Footnote 2:As more fully discussed below, New York City Administrative Code § 27-2045 was amended in 2013 (post the facts of Poree and Tucker). The amendment imposed a new duty on certain building owners to replace any expired smoke detector during a tenancy; and to ensure that a smoke detector is installed at the commencement of each new tenancy. However, the amendment left the maintenance and the replacement of a device either stolen, removed, missing or rendered inoperable, with the occupant during a tenancy. Additionally, post the 2013 amendment, even if a building owner regularly inspects the smoke detectors, the owner does not assume a duty to ensure that the smoke detectors are in good working order, and it is still solely the tenant's responsibility to maintain the smoke detector (Figueroa v Parkash, 179 AD3d 583 [1st Dept 2020]). However, a building owner may be liable where it was the cause of the smoke detector being inoperable and then promising to replace it (see Carter v Grenadier Realty, 83 AD3d 640 [2d Dept 2011] (where the building owner's employees removed the smoke detector, was notified of the issue, and then promised to replace it, the building owner will be held liable).

Footnote 3:Although a seven-year phase-in of this requirement seems contradictory to the intent of the law, namely, to increase safety, a review of § 27-2045 reveals that the extensive time afforded to owners was deliberate. Local Law No. 112 of 2013 of City of New York amended § 27-2045 to require that smoke detectors be replaced upon expiration of its useful life. The initial language of the proposed amendment and the sponsor's memorandum in support of the amendment to the regulation indicates that the initially proposed amendment would require owners to replace smoke detectors that were installed prior to the effective date of the law, the latter of 6 months after the effective date or after the manufacturer's expiration date (Mem in Support, Local Law Bill Jacket, Local Law No. 112 [2013] of City of NY).

However, the subsequent report of the Infrastructure Division reveals that after a hearing on the proposed local law, the final language was changed to allow owners up to seven years after the effective date to replace smoke detectors (Rep of the Infrastructure Div, Comm on Housing and Buildings at 9, Local Law Bill Jacket, Local Law No. 113 [2013] of City of NY). This change was made after concerns were raised specifically seeking to afford owners ample time to install new smoke detectors, considering that there are over two million apartments in New York (see Hearing Tr of Comm on Housing and Buildings at 91, Local Law Bill Jacket, Local Law No. 113 [2013] of City of NY). Hence, the final amendment was purposely designed to give owners seven years to comply, despite the potential dangers an expired or missing smoke detector presented.